4350.  CENTRAL OF GEORGIA RAILWAY CO. *v.* BORLAND.

1. In the absence of an appropriate and timely request, the trial judge, after having fully and fairly stated the contentions of the parties as set out in the pleadings, is not required to direct the attention of the jury to contentions not specifically made in the pleadings, and arising for

the first time upon the argument of the case, and wholly dependent upon inferences from testimony.

2. Counsel for the defendant having in open court admitted the defendant's liability to the plaintiff for such damages as were due to a slight wound in the plaintiff's head, but at the same time denied the existence of all other injuries from which the plaintiff claimed to have suffered, it was not error for the judge thereupon to use the following language in his charge to the jury: "Counsel having conceded the liability of the defendant, you should carefully consider the case and arrive at the proper amount, after giving due weight to all of the testimony in the case; and the form of your verdict should be, 'We, the jury, find for the plaintiff' so many dollars, stating the amount."

3. The verdict is fully supported by the evidence.

DECIDED MAY 6, 1913. REHEARING DENIED JUNE 10, 1913.

Action for damages; from city court of Sandersville—Judge Jordan. January 29, 1912.

*Lawton & Cunningham, F. H. Saffold, J. J. Harris,* for plaintiff in error.

*Hardwick & Wright,* contra.

RUSSELL, J. The jury returned a verdict against the railway company for $5,000. It was not insisted by counsel that the plaintiff was not entitled to recover damages in some amount. It was admitted that the railway company was liable for whatever injury the plaintiff really suffered, due to a head-end collision of two of the defendant's trains. The jury, therefore, had but two questions before it: (1) What injuries did the plaintiff receive in the collision? (2) What was the amount of damages dependent upon these ascertained injuries? There are two special grounds of the motion for new trial.

1. It is insisted that the court erred in stating the contentions of the defendant, in that the court withdrew from the consideration of the jury one of the defendant's real and important defenses: "Because one of the defendant's main contentions was that the apparent condition of the plaintiff, as it appeared before the jury, was not his real condition; that the plaintiff was feigning; that his back was not injured at all, and, if so, not as it appeared." It is very apparent that this assignment of error is hypercritical. The contentions of the parties are generally to be drawn from the pleadings; and the trial judge, in the absence of a timely and appropriate request in writing, is not required to present to the jury a special defense which is merely a matter of argument and deduction from the evidence. The charge of the court was a remarkably full

and fair presentation of all the issues involved in the case, as set out in the pleadings of both parties. The question whether or not the plaintiff was feigning a physical condition which did not in fact exist was one which necessarily depended wholly on the credibility of the plaintiff. No judge can, without error, undertake to call the special attention of the jury to the credibility of a witness; and he is likely to commit error whenever he undertakes to state to the jury that either party insists that testimony damaging to his case is unreliable or untrustworthy. We are inclined to the opinion that the trial judge would have erred had he instructed the jury as counsel for plaintiff in error now insist he should have done. But not being required at this time to rule upon this point, we have no hesitation in holding that he certainly did not err, in the absence of a request, in not giving the instruction the omission of which is assigned as error.

2. As the judge, toward the conclusion of his charge to the jury, was about to state the form of the verdict in case the jury found for the defendant, he was interrupted by one of the counsel for the plaintiff, with the statement, "If your honor please, I understand the defendant concedes its liability." The court said: "It is denied in the pleadings." Thereupon defendant's counsel said: "Your honor, we admit we are liable to the plaintiff in some amount, for damages for the wound received in his head. We, of course, however, deny the other injuries the plaintiff claims." Whereupon the court, as the concluding sentence in his charge, said: "Well, gentlemen of the jury, counsel having conceded liability of the defendant, you should carefully consider the case and arrive at the proper amount, after giving due weight to all of the testimony in the case; and the form of your verdict should be: 'We, the jury, find for the plaintiff' so many dollars, stating the amount." We can not concur in the insistence that this statement as to the form of the verdict placed the defendant in the position of admitting liability as claimed by the plaintiff; for there is nothing in the language as used, nor in anything which transpired in connection therewith, to have created any such impression in the minds of a jury of ordinary intelligence.

3. The verdict is fully supported by the evidence, and the special assignments of error, in our opinion, are without merit.

*Judgment affirmed.*