## CITY OF NEWNAN *v.* DAVIS *et al.*

1. The definition of market value, given by the judge in his instructions to the jury, was not substantially different from that previously approved by this court.
2. In connection with its context, the charge complained of as expressing an opinion on the facts is not open to that criticism.
3. The court's instruction that the jury should consider the property as a whole and determine from the evidence what was its fair market value at the time and just prior to the erection of the viaduct, and determine how much, if any, the construction and maintenance of the viaduct had depreciated that market value, fairly stated the rule as to the measure of damages.
3. Other assignments of error are without merit. The verdict is supported by the evidence.

JUNE 17, 1916.

Action for damages. Before Judge Freeman. Coweta superior court. June 21, 1915.

*A. H. Freeman,* for plaintiff in error.

*W. C. Wright* and *W. L. Stallings,* contra.

EVANS, P. J. In the City of Newnan LaGrange street crosses the tracks of the Central of Georgia Railway Company. The plaintiffs own a lot of land abutting on LaGrange street near the railroad crossing, and on this land are located two dwelling-houses and a storehouse. These buildings are one story in height. The City of Newnan constructed along LaGrange street, and over the tracks of the railroad company, a bridge or viaduct, which is approximately 40 feet high in front of the plaintiff's property and higher than the buildings on the property. The plaintiffs sued the city for damages from alleged depreciation in the value of their property, due to the construction of the viaduct, and recovered. The court refused to set aside the verdict on motion for new trial. In his instructions the judge, after referring to the pleadings as not challenging the city's right to construct the viaduct, and after stating that the issue between the parties was whether its construction had depreciated the market value of the plaintiffs' property, charged as follows: "So, gentlemen, you look to the evidence upon that proposition, and you determine from the evidence what was the fair market value of this property before the erection and construction of the viaduct, and without reference to its construction or erection. And market value, gentlemen, is the price that property will bring when it is offered for sale by one who desires

but is not obliged to sell, and is bought by one who is under no necessity of having it. So, under this rule, gentlemen, you look to the evidence and determine what was the fair market value of this property at the time the viaduct was erected, and what was its fair market value without reference to the construction or erection of the viaduct. It is your duty to look to the evidence and consider, if the evidence shows, what the capabilities of the property were,—its capabilities and all the uses to which it may be applied, or to which it is adapted, both before and after the construction and erection of the viaduct. Determine it in the light of the evidence. Look at this property as a whole, land and buildings; take it as a unit, as one piece of property; and you determine from the evidence what was its fair market value at the time and just prior to the erection of the viaduct along LaGrange street in front of it. Consider all the evidence that enters into this question of its value, and determine what its fair market value was then; and then look to the evidence and determine how much, if any, the construction and maintenance of the viaduct in the front of this property has depreciated that market value. The jury may consider the adaptability to business or other advantageous uses of that portion of the street made possible by the erection of the viaduct. Consider all the elements, gentlemen, that would be advantageous to the property by the construction of the viaduct, if the evidence shows any; consider all the evidence, all that the evidence discloses, gentlemen, that would detract from its market value, and thereupon determine whether or not the construction, erection, and maintenance of the viaduct has depreciated or not the fair market value of the plaintiffs' property. Whatever that may be, gentlemen, if you find any depreciation by your verdict, that would measure the amount the plaintiffs would be entitled to recover,—they would be entitled to recover whatever damage, whatever depreciation in the fair market value, whatever that would be; that is the amount they would be entitled to recover in this case. If there has been no depreciation, gentlemen, in the fair market value of their property, why then there would be no recovery for the plaintiffs, and the verdict should be for the defendant." In its motion for new trial the city attacked the various propositions in the above charge.

1. Exception is taken to the court's definition of market value.

The definition given by the court is in substantial accord with that given by Mr. Lewis in his work on Eminent Domain, § 706, which was cited approvingly in *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120, 123 (72 S. E. 900). While the language employed in the charge is not identical with that of the learned author from which the quotation was taken, it is substantially the same as the definition there given.

2. The phrase in the charge directing the jury to consider all the elements "that would be advantageous to the property by the construction of the viaduct, if the evidence shows any; consider all the evidence, all that the evidence discloses, . . that would detract from its market value," is criticised as containing an intimation on the part of the court that the evidence disclosed that the market value of the property had been depreciated by the construction of the viaduct. When the charge is considered as a whole, it is manifest that this instruction was neither intended by the judge, nor is it fairly to be supposed that the jury understood the judge as expressing an opinion upon the issue as to whether or not the property had been depreciated in value by the construction of the viaduct.

3. The instruction that the jury should consider the property as a whole, and determine from the evidence what was its fair market value at the time and just prior to the erection of the viaduct, and determine how much, if any, the construction and maintenance of the viaduct in front of the property had depreciated that market value, fairly stated the measure of damages. In *Nelson* v. *Atlanta,* 138 *Ga.* 252 (75 S. E. 245), it was held that in ascertaining the extent of the injury to the land and buildings the physical property is to be considered as a unit, and the various elements as affecting the market value of this unit in its relation to the improvement are to be treated as component parts of the entire property, and the measure of damages is the diminution in the market value. The court left it for the jury to determine whether there had been any diminution of market value, and they were instructed that their verdict should be for the defendant unless such diminution was shown.

4. Other grounds of the motion for new trial are palpably without merit. The verdict is supported by the evidence, and the court did not abuse its discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*