27205. WALLIS *v.* BELLAH.

Decided March 11, 1939.

*S. W. Fariss,* for plaintiff in error. *Julius Rink,* contra.

Stephens, P. J. Mrs. J. M. Bellah instituted a suit in trover against Max Wallis to recover for the alleged conversion of a sow and some pigs alleged to be the property of the plaintiff. The defendant filed a plea of denial, in which he asserted that the prop-

erty was his. The petition alleged that the plaintiff claimed title to the described property, that the defendant was in possession of it and refused to deliver it or to pay the plaintiff therefor, and that the yearly value of the property was an alleged sum.

■ The petition was demurred to on the ground that it was not alleged therein that any demand for the property had been made on the defendant, and in that it was not alleged that the defendant failed and refused to pay the plaintiff the alleged yearly value of the property. This demurrer was overruled and the defendant excepted. The petition alleged a conversion. It therefore was not essential to the sufficiency of the petition that it allege that demand had been made on the defendant, nor was the petition insufficient in failing to allege that the defendant refused to pay the alleged value of the property. There was no error in overruling the demurrer.

■ So far as material to illustrate the issue as to title the following appeared from the evidence: The defendant bought the sow and the pigs, as the property of Hinton Bellah Inc., at a sale to satisfy an execution issued on a judgment which he had obtained against Hinton Bellah Inc. Hinton Bellah Inc. had received the sow from one Harrison Hampton, in settlement of a suit which Hinton Bellah Inc. had instituted against Hampton on a note executed by Hampton to Hinton Bellah Inc. There was testimony of Hinton Bellah that, before the institution of this suit by Hinton Bellah Inc. against Harrison Hampton, the note which Harrison Hampton had executed to Hinton Bellah Inc. had been transferred to Mrs. J. M. Bellah, who was Hinton Bellah's mother, as security for an indebtedness by Hinton Bellah Inc. to her; that she loaned Hinton Bellah Inc. a considerable sum of money, and various notes were transferred to her to secure this debt; and that the note signed by Harrison Hampton, dated August 5, 1933, was one of the notes transferred to Mrs. J. M. Bellah.

R. W. C. Myers, the notary public ex-officio justice of the peace, testified that "Hinton Bellah filed suit" in this court against Harrison Hampton on the note dated August 5, 1933, executed to Hinton Bellah Inc. by Harrison Hampton, and obtained judgment thereon; that later, with the consent of Hinton Bellah, he took the sow, which was the subject-matter of this suit, from Harrison Hampton in settlement of this case; that Hinton Bellah made no reference to his

mother, Mrs. J. M. Bellah, and did not state that the note against Harrison Hampton belonged to her, but stated that whatever settlement the witness might make with Harrison Hampton would be satisfactory to Hinton Bellah; that he did not remember whether the note against Harrison Hampton payable to Hinton Bellah Inc., when delivered to him for the purpose of bringing suit thereon, contained the indorsement of Hinton Bellah Inc. Hinton Bellah testified that he took possession of the sow as "agent" for Mrs. J. M. Bellah. The sow gave birth to the pigs after she had been delivered to the magistrate in settlement of the suit of Hinton Bellah Inc. against Harrison Hampton. There was also evidence that when the sow and the pigs were exposed for sale to satisfy the defendant Wallis's execution against Hinton Bellah Inc., Wallis, who bought the sow and the pigs, was notified that the property belonged to Mrs. Bellah. There was evidence as to the value of the property. It appears that when the sow and the pigs were levied on under Wallis's execution against Hinton Bellah Inc., Mrs. J. M. Bellah filed a claim of title thereto, but her claim was dismissed for some alleged defect in the bond executed by her. Her claim of title was therefore not adjudicated on its merits. The note of Harrison Hampton to Hinton Bellah Inc. was introduced in evidence, and there appears thereon the indorsement "Hinton Bellah Inc., M. H. Bellah, Pres."

The court directed a verdict for the plaintiff on the question of title, but submitted to the jury the issue as to the value of the property. The jury found for the plaintiff $65. The defendant moved for a new trial on the general grounds, and on the ground that the court erred in directing the verdict. To the overruling of the motion for new trial the defendant excepted.

The establishment of any right, title, and interest in the sow and the pigs is entirely dependent upon an acquisition by Mrs. J. M. Bellah of title to the note payable by Harrison Hampton to Hinton Bellah Inc., and which it was claimed was transferred to Mrs. J. M. Bellah. So far as appears from the evidence, the note executed by Harrison Hampton to Hinton Bellah Inc., and which, according to the testimony of Hinton Bellah, was transferred to the plaintiff, Mrs. J. M. Bellah, as security for a debt, remained in the possession of Hinton Bellah and was never delivered to the plaintiff. Whether the note, at the time of suit thereon by Hinton Bellah

Inc., had on it the indorsement of the payee, Hinton Bellah Inc., it appears that it was sued on, not in the name of Mrs. J. M. Bellah the transferee, but in the name of Hinton Bellah Inc. It does not appear that the suit was brought for the use of Mrs. J. M. Bellah. It also appears that Hinton Bellah himself authorized and consented to the settlement of the case, and to the acceptance of the sow in settlement from the defendant, Harrison Hampton.

While delivery of property is not essential to the passage of title into the grantee, such delivery usually accompanies a transfer of title. Code, § 96-107. Absence of delivery calls for explanation. Failure to deliver property sold, when unexplained, is a badge of fraud, and a circumstance tending, when taken in connection with other circumstances, to show that title did not pass. *Peck* v. *Land,* *2 Ga.* 1; *Fleming* v. *Townsend, 6 Ga.* 103; *Greene* v. *Matthews, 31 Ga. App.* 265 (5) (120 S. E. 434). The fact that the alleged grantor in this case, Hinton Bellah Inc., failed to effect delivery of the note to Mrs. Bellah, and this is unexplained, the fact that it does not appear when the note was indorsed, the fact that Hinton Bellah Inc. retained possession of the note and brought suit thereon in the name of Hinton Bellah Inc. and not in the name of Mrs. J. M. Bellah, the alleged transferee and owner, and the fact that the only evidence of the ownership of the note by Mrs. J. M. Bellah is the testimony of Hinton Bellah, who is her son, were all matters for consideration by a jury as to whether or not title to the note passed, and consequently title to the sow and the pigs, into Mrs. J. M. Bellah. Code,. § 38-107. It was therefore error to direct a verdict for the plaintiff on the question of title. The court did not err in overruling the demurrer to the petition, but did err in overruling the defendant's motion for new trial.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I think the original petition was subject to demurrer because it did not allege a conversion of the property of the defendant. The amendment cured this defect, and clearly alleged facts showing that the possession of the property by the defendant was adverse to the petitioner's claim. I think the verdict was correctly directed. There was no evidence that Hinton Bellah was the same person as H. M. Bellah, the president of Hinton Bellah Inc., by whom the note was transferred to Mrs. Bellah, nor was there any evidence that Hinton Bellah was in any way

interested in the corporation, or that he represented it in handling the note. In the absence of such evidence there was no basis upon which fraud could be predicated. We have to take the record as we find it. The court can not take judicial notice of who parties are, and what their business connections are.