27959.   DONAHOO *v.* GOLDIN.

DECIDED MARCH 6, 1940.

*Claud Driver, Willis Smith,* for plaintiff.

*Edwards & Edwards,* for defendant.

MACINTYRE, J.   Mrs. Majorie Darby Donahoo brought an action for damages against Ben Goldin for alleged personal injuries. The jury returned a verdict for the defendant. A motion for new trial was overruled, and the plaintiff excepted. She alleged that she was riding as a guest in a truck driven by C. T. Donahoo, whom she later married; that she was riding with him after dark, the

lights on said truck were burning, and the road was down hill to a "hollow or swag" in the direction in which the plaintiff and her host were driving; that when they reached the "hollow or swag" they met, coming in the opposite direction, a car which had its lights on; that the defendant's truck was parked on the pavement on the side of the highway without lights, signal, or any warning to give notice that it was so parked; that the driver of the truck in which she was riding saw the defendant's parked truck when they were about fifteen or twenty feet from it, and swerved to the left in an effort to prevent a collision, but they struck the parked truck, and the truck in which they were riding turned over and the plaintiff received certain described injuries; that the defendant's negligence in leaving the truck parked on the side of the road on the pavement without lights or any warning signal was the direct proximate cause of the injury complained of. The defendant, in effect, denied the allegations of the petition, and alleged that the accident occurred before nightfall and that his truck could have been seen three hundred feet away.

It appears from the evidence that the "swag" or fill was so high that it had been necessary to erect guard rails on either side of the highway. That the defendant's model-T Ford truck was approaching the fill going down hill when the engine went dead. The defendant, with the help of two negroes, was unable to get the engine started even though they let it roll down the hill in the attempt. At the point where the defendant's truck stopped it was uphill both to the defendant's front and rear. The defendant and his two helpers could neither push the truck east up the hill nor back west up hill. They then pushed the truck against the guard rail as close thereto as possible. This was on the right side of the road relatively to the direction in which the defendant's truck was headed. "The wheels of the truck were on the pavement a little bit. It was four and one half or five feet from the cement to the guard rail," but they could not get the truck entirely off the pavement. The defendant knew that he did not have lighting equipment on his truck, and therefore he had left the place where he had been in the afternoon early enough to reach the place to which he was going before nightfall, but on account of the motor going dead he was not able to do so. He therefore built a fire in front of his truck, and thus the truck could be more easily seen by per-

sons in cars approaching from the direction in which the truck in which the plaintiff was riding was coming. The defendant's truck was between the fire and the truck in which the plaintiff was riding. It further appeared that the truck in which the plaintiff was riding weighed 20,000 pounds and was traveling at 25 or 30 miles per hour, whereas the highest speed limit for trucks over 16,000 pounds is 20 miles per hour, so it mattered not what kind of tires the truck in which plaintiff was riding had.

Ground 1 of the amendment to the motion for new trial complains of the following charge to the jury: "I have been requested to charge you, gentlemen of the jury, and I do charge you the law with reference to the operation of motor vehicles upon the highway, so far as the court thinks it is applicable to this case. Every owner or operator of a machine should have equal rights upon the highway with all other users of such highways, observing the rules promulgated and provided by law. No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe having due regard to the width, grade, character, traffic, and use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever, and such speed shall not exceed that tabulated below. The plaintiff alleges that she was riding in a truck, and this section provides that trucks, where the total gross combined weight of the motor vehicle and load in pounds is between 10,000 and 16,000, if it has metallic wheels the speed is 8 miles per hour, solid tires 20 miles per hour, and pneumatic tires 25. Over 16,000 pounds gross combined weight of motor vehicle and load, metallic tires 5 miles, solid tires 18 miles, pneumatic tires 20 miles. Those are the speed limits fixed by law on those vehicles. I don't remember what the weight of this vehicle and load is, you will remember that, and you will apply this law according to this weight, the vehicle and the load."

Special ground 2 complains of the following excerpt from the charge: "Every motor vehicle, tractor, and motorcycle, while in use or operation on the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes, and a signaling device consisting of horn, bell, or other suitable device for producing an abrupt warning signal. Every motor vehicle using the highways at night shall be equipped with a lamp clearly

visible for a distance of not less than one hundred feet from front to rear. That applies to both parties, or any party or parties using the highway at night."

Special ground 3 complains of that part of the following excerpt from the charge which is in brackets: "Plaintiff alleges that she was a guest in the car with the driver, that she had nothing to do with the control of it. In such cases, gentlemen of the jury, I charge you that the negligence of the driver is not imputable to the guest, but if the negligence of the driver is the contributing and proximate cause of her injuries and damages, then she can not recover. If you find there was negligence on the part of the driver, and negligence of the defendant that concurred, and the negligence of the two contributed to and was the proximate cause of her injuries, then she would be entitled to recover. [I charge you that if the plaintiff, by ordinary care, could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover. You look to all the evidence that has been produced to you, that the court has permitted to come to your consideration, and examine as carefully as you see proper the place where the accident occurred, consider the evidence of all parties as to where it happened, the surroundings and what the defendant did, and whether or not the defendant exercised ordinary care in removing the car from the highway, that is, as much so as he could exercise ordinary care in the management and movement of his car. You will also consider all the testimony with reference to how fast the plaintiff [host] was driving, or how slow, and whether or not he had his lights on. He alleges that he did; he alleges that he observed all the rules of the road, and you will find out, if you can, what was the cause of this wreck or collision]." (Brackets ours.)

The plaintiff contends that the charge complained of in these three grounds "was harmful and reversible error, was confusing and misleading, and injurious to the rights of the plaintiff, for the reason that comparative or contributory negligence was not pleaded by the defendant, and had no application to the plaintiff. The plaintiff being an invited guest in the truck with no control over the operation and management thereof, and the negligence of the operator of the truck in which she was traveling, if he was negligent, could not be attributed to her, and would not prevent

her right of recovery." We do not think the exceptions as urged are meritorious.

The judge did not charge on comparative negligence as an incomplete defense by reason of which the plaintiff's recovery should be reduced on account of or in proportion to the plaintiff's negligence, but he charged hypothetically what negligence of the plaintiff would entirely defeat her recovery, in other words, what negligence of the plaintiff would be a complete defense. Under the defendant's general denial of all of the allegations in each of the paragraphs of the plaintiff's petition, which alleged that the defendant's negligence was the proximate cause of the injury, it was permissible for the defendant to show that the injury was caused by anything else, which included the complete defense that if the plaintiff did not exercise ordinary care to avoid the consequences to herself caused by the defendant's negligence she could not recover. Code, § 105-603. This distinct general denial so made in the defendant's answer, in response to such paragraphs of the plaintiff's petition, included in effect an assertion by the defendant in his pleading of a complete defense, that the plaintiff did not exercise ordinary care to avoid the consequences to herself of the defendant's negligence, and thus, if there was any evidence in the case to support this defense, it was an issue raised both by *the pleadings* and the evidence. *Russell* v. *Bayne,* 45 *Ga. App.* 55, 57 (163 S. E. 290). The court stated to the jury what the law was as applied to the pleadings and the evidence, and in so doing included in its statement of the law certain statutory duties placed upon every one, including the plaintiff, the host, and the defendant, and then stated hypothetically that if certain facts were proved the plaintiff could recover, otherwise she could not. Thus his charge was in accordance with what the law says generally a charge should be. See *Cammons* v. *State,* 59 *Ga. App.* 759, 762 (2 S. E. 2d, 205) ; *Thomas* v. *State,* 49 *Ga. App.* 484, 489 (176 S. E. 155). "An instruction is not abstract where it is preliminary to and a part of another instruction which concretely applies itself to the facts." 1 Reid's Branson's Instructions to Juries, 352 (79). An instruction, however, may not be consonant with the theory of either the plaintiff or the defendant and yet be sufficiently concrete to be appropriate. 1 Reid's Branson's Instructions to Juries, 352 (79).

Special ground 4 is not meritorious for the reasons assigned. The charge as a whole followed the pleadings and the evidence, and was sufficient to convey the meaning and application of the principle of law upon which the plaintiff based her right to recover. The charge substantially embraced the rules of law on the issues which the pleadings and the evidence made between the plaintiff and the defendant. *Kimbrell* v. *State*, 57 *Ga. App.* 296 (195 S. E. 459). If the plaintiff had desired a more specific instruction with reference to the parking of the defendant's truck on the side of the highway, an appropriate request should have been submitted (*Findley* v. *State*, 59 *Ga. App.* 390, 393, 1 S. E. 2d, 37), or at least the plaintiff should have pleaded more specifically. *American Surety Co.* v. *Smith*, 55 *Ga. App.* 633, 643 (1 S. E. 2d, 773).

After verdict in this case, in passing upon the motion for new trial, that view of the evidence which is most favorable to the defendant must be taken, for every presumption and every inference is in favor of the verdict. The evidence, when so construed, authorized the verdict. *Vandeviere* v. *State*, 58 *Ga. App.* 18 (197 S. E. 338).

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*