### 28580. HOUSING AUTHORITY OF AUGUSTA *v.* HOLLOWAY.

DECIDED NOVEMBER 1, 1940.

*Henry G. Howard,* for plaintiff in error.
*Fleming & Fleming,* contra.

PER CURIAM. The only assignment of error relied on by the plaintiff in error is upon the following excerpt from the judge's charge: "I charge you, gentlemen of the jury, that under the law,

where a person has the right of eminent domain as in this case, you can take the other fellow's property, but you must give him just and adequate compensation for it; and in this case, gentlemen of the jury, the valuation is not determined by the market value of the property, but it is what was that property, house and lot, when taken, what was the actual value of that property to the owner." The plaintiff in error contends that this portion of the charge was confusing to the jury, in that it prohibited them from considering all the factors going to make up the market value of the property, and confined them to a consideration of what it was worth to the owner.

Private property can not be taken or damaged for public purposes without just and adequate compensation being first paid. This constitutional provision does not necessarily restrict the owner's recovery to market value as the term is sometimes used. The owner is to be paid just and adequate compensation for his property; that is, the value of the property to him, not its value to the condemnor. The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the landowner, taking into consideration all the purposes for which the property is available. Generally speaking, the measure of damages is the market value of the property to be taken, and when this would give just and adequate compensation to the owner this rule should be applied. But it was held by this court in *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (8), 847 (86 S. E. 651): "We have already adverted to the measure of recovery as included within the word 'just and adequate compensation.' We have also pointed out that in some instances one might not be justly compensated for the taking of his property unless he was awarded an amount adequate to repay the cost of the particular property or to replace just such property as was taken from him; and hence it is only necessary to say, in regard to the rulings and charge of the trial judge upon the measure of damages of which complaint is made, that the constitutional provision providing adequate compensation for private property taken for public use does not restrict the owner of the property to a recovery of the market value. Adequate compensation for property which the owner has designed for a special use, and of which he has been deprived for the public benefit without his consent, may include the cost of the

article or its value to the owner for the particular purpose for which he designed to use it, or for which it could be used. *Atlantic Coast Line R. Co.* v. *Postal Telegraph Co.*, 120 *Ga.* 268, 280, 281 (48 S. E. 15, 1 Ann. Cas. 734); *Harrison* v. *Young*, 9 *Ga.* 359; Boom Company v. Patterson, 98 U. S. 403 (25 L. ed. 206)."

The portion of the charge excepted to in the present case, when considered in connection with the entire charge and the theory under which the case was tried, does not require a reversal of the judgment. The Housing Authority of the City of Augusta was seeking to condemn property of the defendant in error, consisting of her dwelling-house and lot and other improvements thereon. The gist of the testimony introduced upon the trial of the case as to the value of the property sought to be condemned related to its value as a home for the owner, and what it would cost to replace it for her in the same locality where her property was located. In fact during the trial, in a colloquy between the court and the attorney for the Housing Authority, condemnor, it was stated by the court and agreed by counsel that the rule as to the measure of damages was the "actual value of the property to the owner" or "its equivalent," that is, the actual value of that property to the owner, or what it would cost to replace it in the same locality, not the market value. Under the facts and circumstances of this case, the portion of the charge excepted to was not harmful to the plaintiff in error, and it can not now be heard to complain of such charge.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. I think the charge of the court was error requiring a reversal of the judgment. It can not be disputed that the overwhelming authority in this State, under the decisions of the Supreme Court and this court, is that the measure of damages for taking private property for public purposes is the fair market value of the property taken (no consequential damages to property not taken being involved). Some of the decisions so holding are as follows: *Harrison* v. *Young*, 9 *Ga.* 359; *Young* v. *Harrison*, 17 *Ga.* 30; *Central Georgia Power Co.* v. *Mays*, 137 *Ga.* 120 (72 S. E. 900); *Central Georgia Power Co.* v. *Stone*, 139 *Ga.* 416 (77 S. E. 565); *City of Newnan* v. *Davis*, 145 *Ga.* 380 (89 S. E. 336); *City of Reynolds* v. *Carter*, 34 *Ga. App.* 252 (129 S. E. 117); *State Highway Board* v. *Shierling*, 51 *Ga. App.* 935 (181 S. E. 885); *State Highway Board* v. *Warthen*, 54 *Ga. App.* 759

(189 S. E. 76). The measure of damage for the damaging of private property for public purposes is the difference between the market value of the property before and after the damaging. No citations of authority are deemed necessary on this point. I do not mean to say that there may not be exceptions to the rule. It seems that there may be. The case of *Elbert County* v. *Brown*, cited in the majority opinion, was probably decided on the theory that it was an exception. If it was not, it is contrary to all the cases in Georgia we have been able to find on the subject. The case of *Atlantic Coast Line R. Co.* v. *Postal Telegraph-Cable Co.*, cited in *Elbert County* v. *Brown*, is a case coming under the head of an exception to the rule. The decision in *Harrison* v. *Young*, cited in *Elbert County* v. *Brown*, is in accord with my view. Code § 36-505, was in all probability codified from the *Harrison* case, where the court made this significant statement: "The value of land or anything else, is its price in the market." The U. S. Supreme Court case, Boom Co. *v.* Patterson, cited in *Elbert County* v. *Brown*, followed the *Harrison* case and is in accord with my view. I am not discussing what elements may or may not throw light on what is the fair market value. I simply believe that fair market value is the final criterion of the measure of damages. To authorize a jury to find its worth to the owner is to open the door to the wildest kind of speculation and awards of damages based solely on sentiment and whim. This might be ideal, but practical government precludes the possibility.

I do not think the counsel for the Housing Authority intended to convey to the trial court the idea as interpreted by the majority of the court, and that he is therefore estopped to make the exception to the charge. Counsel had been interrogating a witness as to what it would cost the owner to replace the house on another lot. The following colloquy ensued: The court: "Let me ask you this, Mr. Howard. Isn't this the rule? Suppose those people had to get out of that house, and they have got to build them a house somewhere else. You got to pay them the actual value of the property to the owner." Counsel: "Or its equivalent, yes, sir." The court: "Now they are going to move two blocks from there. They got a lot and they are going to build a house, and they are going to build a house as near like the one they got as they can. Isn't that the rule? The actual value of that property to the

owner to put down that house right across the street there?" Counsel: "Well, yes, sir, in that same locality. Those were the factors I was bringing out." The court: "It isn't the fair market value. That is not the rule." The context of the conversation indicates that counsel contended that the value could be found from factors which he was developing by evidence which could be used for that purpose. I do not think that he intended to agree that the market value was not the measure of damages.