29091. ROGERS *v.* ROGERS, administratrix.

DECIDED SEPTEMBER 19, 1941.

*Eason & Everitt, P. M. Anderson,* for plaintiff in error.

*M. Price,* contra.

MACINTYRE, J. ■ Mrs. W. E. Rogers as administratrix of W. E. Rogers, deceased, sued out a dispossessory warrant proceeding against F. O. Rogers, a brother of W. E. Rogers, deceased, to which F. O. Rogers filed his counter-affidavit denying that he held the disputed premises as a tenant of W. E. Rogers. The evidence would have authorized a finding in favor of either party, Mrs. Rogers contending and introducing evidence to the effect that F. O. Rogers first paid cash rent for the use of the property and then agreed to pay the taxes on the place and maintain its upkeep as rental for the use of the property; and F. O. Rogers contending and introducing evidence to the effect that W. E. Rogers *gave* him the land in dispute many years before his death. The evidence authorized the verdict in favor of the plaintiff and this court is powerless to interfere therewith.

■ Special grounds 1 and 2 complain that the court in his instructions to the jury did not state in detail the contentions of the defendant. The pleadings were meager, the dispossessory warrant setting out that F. O. Rogers was a tenant holding possession of a described tract of land over and beyond the time for which it was rented to him, and that the defendant failed and refused on demand to deliver possession to the plaintiff, the adminis-

tratrix of her deceased husband's estate, and the defendant's counter-affidavit which set out merely "that he does not hold the premises described in her affidavit from the said Mrs. W. E. Rogers nor from W. E. Rogers, deceased, nor from any one under whom the said Mrs. W. E. Rogers claims, either as alleged in said affidavit or otherwise, and that there exists no contract of tenancy nor has there ever existed such contract between said affiant F. O. Rogers and Mrs. W. E. Rogers as administratrix of estate of W. E. Rogers or between F. O. Rogers, affiant, and W. E. Rogers, deceased, or any person under whom the said Mrs. W. E. Rogers as administratrix of W. E. Rogers holds, and deponent is in possession of said premises as owner." In his testimony the defendant claimed a gift at the time he went upon the property in dispute to live, which was fifteen years before the death of his brother, and some of the defendant's witnesses testified that the deceased brother had stated to them that he had given the place to the defendant. Other witnesses testified that the deceased brother told them that if the defendant would quit drinking and dealing in whisky and rear his large family of children properly that he would will the property to the defendant. It should be noted that the defendant in his own testimony did not contend or mention anything about a will or an agreement to will him the property in dispute, nor did the defendant plead that his deceased brother had promised to convey the land to him by will. He did not ask for specific performance. Thus the question of an "agreement to will" was a collateral contention raised only by some of the evidence which crept into the case. Under the pleadings and the evidence the legally controlling issue was whether the defendant was merely a tenant or was the owner of the land by reason of a gift by his deceased brother, and the jury were instructed on the important and substantial issues made. In the absence of a request to charge there was no reversible error in failing to charge on other contentions not made by the pleadings, or on matters merely collateral, or to charge more specifically on a subject covered by the general charge. *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511; *Mann* v. *Harmon,* 62 *Ga. App.* 231, 237 (8 S. E. 2d, 549) ; *Harrell* v. *State,* 121 *Ga.* 607, 611 (49 S. E. 703) ; *Strickland* v. *State,* 98 *Ga.* 84, 88 (25 S. E. 908) ; *Donahoo* v. *Goldin,* 61 *Ga. App.* 841 (7 S. E. 2d, 820).

■ The defendant contends in special ground 3 that the court

erred in permitting a witness for the plaintiff to testify that W. E. Rogers told him that he owned a farm in Tattnall County on which his brother resided, over the objection that this testimony was a self-serving declaration which had been made in his own interest by the deceased. The defendant contends that the admission of this evidence was hurtful to him because it appeared from the evidence as a whole that the deceased claimed no other property in Tattnall County than the property in dispute; thus this self-serving declaration tended to establish the contention of the plaintiff that W. E. Rogers had never given the property to the defendant. This testimony was admissible to explain conduct and motive of the deceased, and to show the character of the defendant's possession of the land. Code, § 38-302. Since the sayings and conduct of the deceased were before the jury, it was proper to admit all that the deceased had said relatively to this particular matter, so that the jury might determine whether the deceased had in fact made a gift of the land to the defendant. The judge did not err in allowing the witness to testify as he did.

██ In special ground 4 the defendant contends that the judge erred in excluding from the consideration of the jury the following testimony of J. Henry Kennedy: "His [defendant's] conduct *now* is just as good as anybody in the county. He quit, and I haven't heard of his messing with liquor since." (Italics ours.) The defendant's contention was that W. E. Rogers had promised him that if he would quit making and drinking liquor and rear his family properly, he would will said property to him. Therefore the defendant contends that the evidence set out in this ground was admissible because it was material as tending to establish that he, the defendant, had complied with the condition to the gift imposed by W. E. Rogers. He further contends that the exclusion of said evidence was hurtful and harmful to him as it deprived him of material evidence tending to establish his contention in the case. The answer which was excluded related to what the conduct of the defendant was with reference to "messing with liquor" at the time of the trial. W. E. Rogers, whom the defendant alleged had given him the land, had been dead for several months, and what the defendant's conduct was at the time of the trial, long after all the transactions of the deceased and the defendant were alleged to have been completed, was wholly immaterial. Under the pleadings

of the defendant as stated in division 2 of this opinion the defense which the defendant was attempting to support by this question and answer was not made, and the judge did not commit reversible error in refusing to admit the evidence.

In special ground 5 the defendant complains of the admission in evidence of certain entries on the backs of tax receipts. It appears that the defendant had returned the land for taxes in the name of W. E. Rogers. There was evidence that the writings on the backs of the receipts were in the handwriting of W. E. Rogers. The writings were to the effect that the defendant had voluntarily returned the property for taxes as the property of W. E. Rogers, and the taxes had been paid by the defendant, and by so doing he had paid W. E. Rogers the rent on the land. If for no other reason, these entries were admissible for the reason stated in division 3 of this opinion, discussing special ground 3 of the motion for new trial. In addition, the evidence was an admission against the defendant's interest which acknowledged that he had paid rent to his deceased brother during the brother's lifetime, after he claimed in his testimony at the trial that the brother had given him the land. This ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*