35519.   HOUSING AUTHORITY OF SAVANNAH *v.*
SAVANNAH IRON & WIRE WORKS, INC.

Decided April 6, 1955—Rehearing denied April 27, 1955.

*Myrick & Myrick, George C. Heyward,* for plaintiff in error.
*Bouhan, Lawrence, Williams & Levy,* contra.

NICHOLS, J. ■ Special ground 1 complains of the refusal of the trial court to charge on request that anything said during the course of the trial relative to the financial interest of the Federal Government in the Housing Authority should not be considered by the jury in reaching a verdict. The only evidence relative to the Federal Government was the testimony of a witness for the defendant that the Housing Authority floated its own bonds and paid back to the Government every nickel they had advanced, and that the Federal Government had no interest therein. Accordingly, the request was not material to any issue in the case and was properly refused. *Terry* v. *Fickett,* 199 *Ga.* 30 (9) (33 S. E. 2d 163). Also, see generally on cautionary instructions, 53 Am. Jur. 480, § 610.

■ The trial court charged briefly on the subject of consequential damages and consequential benefits, then immediately withdrew the charge upon the statement of counsel for the plaintiff that it was not seeking consequential damages. Thereafter,

counsel for the defendant pointed out that it desired a charge on consequential benefits, and, the plaintiff's counsel withdrawing his objection, the court again gave the subject of consequential damages in charge. The error assigned in special ground 2, that this might have confused and misled the jury, is without merit, for the reason that, when the charge as a whole is considered, it is obvious that the court did not give contradictory instructions, but, in the final charge, made it clear that consequential damages and benefits might be considered by the jury if they found these factors to be involved.

■ Special grounds 3, 4, and 5 complain of the italicized portion of the following charge: "It is your. duty in this case to determine the sum of money representing just and adequate compensation for the leasehold estate appropriated or taken by the defendant, the Housing Authority of Savannah. . . If the evidence further shows that the parties could not agree on what was just compensation, and the defendant refused or declined to exercise the right of eminent domain, the plaintiff, Savannah Iron & Wire Works, Inc. has the right thereupon to institute the present action, in which it sues the Housing Authority of Savannah under the Constitutional provision in question for 'just and adequate compensation' for the leasehold interest. I charge you further, gentlemen, that if a leasehold interest is taken or injured, the lessee is entitled to a sum which may restore the money loss consequent to the taking or injury. This consists generally of the fair market value of the leasehold or unexpired term of the lease and represents the difference between the rental value of the remainder of the term and the rent reserved in the lease. . .

"*The court has already mentioned to you the provision of the Constitution of Georgia in which the basis of recovery in cases of condemnation is stated to be 'just and adequate compensation.' I charge you that the Constitution does not require in all cases the fair market value of the leasehold interest to be used as a basis of determining just compensation, although, as stated, the measure is generally governed by determining the fair market value of the leasehold or unexpired term of the lease.*

"*I further charge you, gentlemen, that the Constitutional provision as to just and adequate compensation does not necessarily*

*restrict the lessee's recovery to market value. The lessee is entitled to just and adequate compensation for his property; that is, the value of the property to him, not its value to the Housing Authority.* The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the owner, taking into consideration all relevant factors. I charge you, however, that generally speaking, the measure of damages is the market value of the leasehold taken, and when this would give just and adequate compensation to the owner, this rule is to be applied by you gentlemen.

*"I charge you that the word 'value' as used in the law relating to eminent domain or condemnation in Georgia is a relative term, depending on the circumstances, and in determining such value the measure of damages is not necessarily, as I have stated, the market value, but may be the fair and reasonable value of the property taken if you find that the market value would not coincide with the actual value of the property taken."*

It should first be noticed that the defendant makes no contention that the plaintiff is, by virtue of its pleadings or by reason of any position taken by it in the case, limited to the recovery of "market value," unless he is so limited under the law itself. No error was assigned on that portion of the charge to the effect that the plaintiff "sues the Housing Authority of Savannah under the constitutional provision for just and adequate compensation." The Director of the Savannah Housing Authority testified that it was the duty of the Housing Authority to pay "just compensation"; that he wrote the plaintiff prior to this action stating he was willing to do so, and that "my idea of compensation is to reimburse them for their losses."

The assignments of error on these portions of the charge quoted above in italics are solely on the ground that they are erroneous principles of law, contradictory, misleading and confusing to the jury. The excerpts were taken almost verbatim from previous cases before this court, in which it was held that, while market value is the general yardstick in a condemnation proceeding or a suit for compensation in the nature of a condemnation proceeding, there may be circumstances in which market value and actual value are not the same, and in such event the jury may consider the actual value of the land or interest therein appro-

priated. See *Housing Authority of Savannah* v. *Savannah Iron & Wire Works,* supra; *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (4) (86 S. E. 651); *Housing Authority of Augusta* v. *Holloway,* 63 *Ga. App.* 485 (11 S. E. 2d 418); *A. C. L. R. Co.* v. *Postal Telegraph-Cable Co.,* 120 *Ga.* 268, 281 (48 S. E. 15, 1 Ann. Cas. 734); *Harrison* v. *Young,* 9 *Ga.* 359. This court, having examined the three Court of Appeals decisions next above cited in conjunction with the Supreme Court cases above cited, is of the opinion that they state a sound rule of law, and accordingly the request to overrule the former decisions of this court holding to this effect is denied. The term "actual value" is used in Code § 36-504, providing that, in considering consequential damages and benefits, the section "shall not be so construed as to deprive the owner of the *actual value* of his property so taken or used." In determining just and adequate compensation, under the constitutional provision, market value and actual value will ordinarily be synonymous. If they are not, that value which will give "just and adequate compensation" is the one to be sought by the jury in rendering its verdict.

Accordingly, the excerpts from the charge complained of in these grounds of the amended motion for new trial do not state an erroneous principle of law. They are not in conflict with any other instructions given, and they are not misleading and contradictory of the remainder of the charge, as contended in these grounds of the amended motion for new trial. The sole remaining contention is that they do not correctly state the law applicable to the case, in that what might be the value of the property to the plaintiff in this case is not the correct value. We are dealing here, of course, solely with *pecuniary* value, whether "market" or "actual," not with speculative, sentimental, whimsical or any other "value" not capable of mathematical calculation. While the petition of the plaintiff prays for a recovery of the fair market value of its leasehold as the item for which this suit is brought, nevertheless it is also alleged therein that "the entry by the Housing Authority of Savannah on the property leased by plaintiff and the occupation of same for the construction of public works constitutes the taking of property within the meaning of article 1, section 2, paragraph 1, Code § 2-301, of the Constitution of the State of Georgia, to wit, Pri-

vate property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." An examination of the evidence introduced on behalf of both plaintiff and defendant shows that the case was tried on this theory and not on the theory of what the fair market value of the leasehold might be within the meaning of that term, which is, "the price it will bring when offered for sale by one who desires, but is not required, to sell, and is sought by one who desires, but is not required, to buy, after due consideration of all the elements reasonably affecting value." 29 C. J. S. 974, § 137. The decision of this court when this case was here before holds that various allegations of the petition, including the cost of moving expenses, the advertising value of the old site, rental of the new site, cost and rental value of improvements, were not subject to the demurrers interposed thereto, which among others included the ground that "said items do not enter into or illustrate in any way the fair market value of the unexpired term of said lease." No witness for either the plaintiff or the defendant offered any testimony fixing an estimate of the fair market value of the leasehold appropriated, although the plaintiff offered testimony as to the reproduction cost of the *building,* and the defendant offered testimony as to the condemnation value of the *building.* All the other testimony in the case was devoted to showing the cost to the plaintiff in abandoning the old premises for the new. In addition, one witness for the defendant testified: "You are correct in saying that when the value of that leasehold interest for six years and seven months is determined, it is the value to the holder of the lease and not to the Housing Authority; . . . it is possible that property which has a rental value of $250 a month can have an inherent actual value to the tenant far in excess of that amount." The only other witness for the defendant on this subject, the director of the defendant Housing Authority, while disputing the fact that the two locations were comparable and the figures reasonable, admitted that one method of evaluating the lease would be to take the difference in rental and fixed costs of the two locations over the life of the lease. In addition, in *Housing Authority of Savannah* v. *Savannah Iron & Wire Works,* supra, it is said that "the action is not based on the breach of a contract to pay damages, but it is based on the

proposition that the defendant took the property of the plaintiff without paying just and adequate compensation therefor, contrary to article 1, section 3, paragraph 1 of the Constitution of Georgia (Code, Ann., § 2-301)."

Notwithstanding that all the evidence in this record illustrates fair market value, it nevertheless also illustrates just and adequate compensation authorized by the provisions of the Constitution. In view of the fact that there is no contention that the plaintiff is bound to the measure of recovery of fair market value under its pleadings, and in view of the fact that the measure of recovery submitted to the jury by the court in the excerpts complained of is a proper one under the Constitution and laws of this State, the trial court did not err in giving in charge to the jury the excerpts complained of in these special grounds of the amended motion for new trial in this case.

■ Error is assigned in special grounds 6 and 7 on the admission of testimony relating to the reproduction cost new of the evacuated building. Reproduction cost is an accurate and direct method of measuring just and adequate compensation. *Burke County* v. *Renfroe*, 64 *Ga. App.* 395 (13 S. E. 2d 194). In the present case, of course, other factors such as depreciation and the value of the leasehold interest in relation to the fee-simple interest estimated by the reproduction cost would have to be taken into consideration if this method of appraisal were used, but this deficiency could have been supplied by the defendant, and the cost of reproduction would be one of the factors entering into the appraisal of the fair market value. Accordingly, this testimony was not subject to the objections urged, that it was not admissible to illustrate market value, although such evidence, in this case, would not be a sufficient basis on which to predicate market value unless other factors also were present, reproduction cost being one of the working tools of the appraising process.

■ Special grounds 8, 9, 10, and 11 contend that various inadmissible items were included in the verdict. No objection was made to the introduction of testimony regarding the sums mentioned, which included advertising value of the old site, interest on a capital investment, depreciation, and overhead as an item of moving expense. The jury returned a general verdict in the sum of $52,000. Every presumption and inference is in favor of

the verdict being a legal rather than an illegal one, and since the jury might have arrived at the amount returned without including therein the items contended to have been erroneously included by the defendant, it must be presumed that they did so. *Donahoo* v. *Goldin,* 61 *Ga. App.* 841, 846 (7 S. E. 2d 820); *Miller* v. *Central of Ga. Ry. Co.,* 16 *Ga. App.* 855, 857 (87 S. E. 303). As to most of these items, the court charged that evidence relative to moving expenses might be considered "only to the extent that it illustrates the value of the plaintiff's lease at the old site," and that the fixed charges at the new site "may not be considered as an item of compensation or damages in and of itself." Since it does not affirmatively appear that the jury failed to heed these instructions, and since the testimony was admitted without objection, there is no merit in these grounds.

■ Special ground 12 complains of the charge, "It is admitted that the plaintiff is entitled to a verdict and that the only question is the amount of that verdict." The director of the defendant corporation, as above set out, testified that "they agreed to get out and we agreed to compensate them." Where liability is admitted, it is not error to instruct the jury to find some amount in favor of the plaintiff. *Central of Georgia Ry.* v. *Borland,* 12 *Ga. App.* 729 (2) (78 S. E. 352). The contention of the defendant that the jury might have found consequential benefits accruing to the plaintiff in excess of damages is without merit, for Code § 36-504 refers to "consequential benefits to be derived by the owner from the operation of its franchise by the corporation, or by the carrying on of the business of the corporation or person taking or damaging the property." In this case the plaintiff had no interest left at the old site which might have been benefited by the defendant's activities. This ground is without merit.

■ Special ground 13, which contends that the verdict is excessive, because "the evidence shows that the largest amount of the loss alleged to have been sustained by the plaintiff corporation was in fact sustained by the partnership," is insufficient for consideration, in that the evidence referred to is not set forth, and the court would be required to refer to the entire record in order completely to understand the assignment of error. It is therefore too imperfect for consideration. *Zachry* v. *Industrial*

*Loan &c. Co.,* 182 *Ga.* 738 (2) (186 S. E. 832). The general grounds, not being argued or insisted upon, are treated as abandoned.

*Judgment affirmed.* *Gardner, P. J., Townsend, and Quillian, JJ., concur. Felton, C. J., and Carlisle, J., dissent.*

FELTON, C. J., dissenting. I think that the court erred in charging the jury the charge dealt with in the second division of the opinion.

It is not the law of this case that the measure of damages is the value to the owner of the property taken rather than fair market value. In the first appearance of this case before the second division of this court, the question of what is the correct measure of damages in such a case was not raised. My construction of the opinion by the second division is that it did not purport to pass on the question of what was the correct measure of damages but, if it did do so, the ruling is obiter because it had no such question to pass on. Paragraph 23 of the petition alleges: "The market value of plaintiff's leasehold interest for the term remaining after the entry and taking by defendant, less the rentals contracted to be paid, is $71,157.49. Plaintiff sues for the recovery thereof." The defendant demurred specially to certain items alleged in the petition on the ground that they did not enter into or illustrate *the fair market value of the leasehold interest* taken by defendant. The rulings on these special demurrers were that such items did illustrate, or could be found by the jury to illustrate, *the fair market value of the property involved.* In no way was the question as to what is the correct measure of damages raised. The majority opinion is silent on this question.

I dissent from the ruling that the value to the owner could be found to be the measure of damages in this case. I think that generally the measure of damages in such cases is the fair market value unless the facts of a particular case take it out of the general rule, and I do not think we have such a case here. See dissent in *Housing Authority of Augusta* v. *Holloway,* 63 *Ga. App.* 485, supra, p. 487, and cases cited therein.

The two rules of the measure of damages charged in this case are inconsistent and confusing. The question of what is the correct measure of damages is one of law and not of fact, and there is only one correct measure in this case.

I can see no foundation in fact or law for the statement by the majority that this case was tried on any other theory than that market value as therein defined was the measure of damages. The fact that this court held that various matters were relevant to show market value and the introduction in evidence of such matters and the absence of an estimate or opinion of the fair market value of the leasehold appropriated would not have the effect of changing the meaning of the words "market value" from the usual meaning, and the plaintiff in error is not estopped to except to the charges under review on the ground that it has taken a position in the trial inconsistent with its exception to the charges.

It is true that the plaintiff in error does not explicitly make the contention that the court was confined to market value as the measure of damages, for the reason that the pleadings so demanded regardless of what the law is on the subject. In spite of that fact, it could properly except to the charges as being contradictory and confusing without basing the exception on the contention that the pleadings required a charge that market value was the correct measure of damages.

*Carlisle, J., concurs in this dissent.*