## STATE, BY MILES LORD, ATTORNEY GENERAL, v. RED WING LAUNDRY & DRY CLEANING COMPANY.

93 N. W. (2d) 206.

November 28, 1958—No. 37,475.

*Robins, Davis & Lyons, S. Robins,* and *Willard L. Converse,* for appellant.

*Miles Lord,* Attorney General, *Robert W. Mattson,* Deputy Attorney General, and *Hartley Nordin,* Special Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying appellant's motion for a new trial.

A condemnation proceeding was instituted in Goodhue County. Pursuant to a petition to the district court by the state, the commissioners appointed by the court awarded appellant, Red Wing Laundry & Dry Cleaning Company, referred to herein as the laundry, the sum of

$122,218. Both parties appealed to the district court from this award. Upon trial of the issues, the jury assessed damages to the laundry in the sum of $57,500.

The evidence introduced at the trial relative to market value is essentially as follows: The president of the laundry testified as to the nature of the business and that in his opinion the market value of the property was $187,457.60. Two other witnesses for the laundry, who were engaged in the laundry and dry cleaning business in Minneapolis, testified that the fair market value of the property was $150,000 and $147,000, respectively. The laundry then attempted to introduce the records of an appraisal firm as evidence of value. Examination of certain employees of the appraisal firm indicated that their appraisal value was arrived at by computing the cost of reproducing the buildings, less depreciation. In computing the present cost of reproducing the existing buildings, the present cost of all the materials necessary to reconstruct the buildings was determined. In computing the amount of depreciation allowed, physical or apparent "wear and tear" and functional and economic obsolescence were considered in arriving at the percentage of reproduction cost which represented depreciation.

The court sustained the objection of the state to the effect that the evidence was inadmissible as being "incompetent, that it violates the rule of viewing property as a whole unit." Two state witnesses who qualified as realtors and appraisers testified that the market value of the property was "Forty thousand" and "from forty to forty-five thousand."

So far as is pertinent to this decision the sole issue presented on appeal is whether, in eminent domain proceedings, evidence of the reproduction cost of commercial buildings, less depreciation, is admissible as an aid to the jury in arriving at the market value of the land and improvements as a whole.

This specific issue has never been presented to this court for decision. However, general principles with respect to the admission of evidence in eminent domain proceedings have been established. In King v. Minneapolis Union Ry. Co. 32 Minn. 224, 225, 20 N. W. 135, involving the condemnation of a 99-year leasehold interest, including buildings and machinery, this court was confronted with the question "whether it was proper, in determining the value of this property, to take into account

the fact that there was a manufacturing business established and in operation upon the premises." The court stated that it is elementary that a person is entitled to the fair value of his property for any use to which it is adapted and for which it is available and for which it may be sold. The opinion also stated that such a person is entitled to the value of his property for any use to which it may be applied and for which it would ordinarily sell in the market, whether that use is the one to which his property is presently applied or for some other use to which it is adapted. The court went on to say (32 Minn. 226, 20 N. W. 136):

"* * * It is, we think, equally true that any evidence is competent and any fact is proper to be considered which legitimately bears upon the question of the marketable value of the property."

In that case evidence was introduced tending to prove that the fact of a business having been established and carried on on the premises for so long a time materially increased the market value of the property. The court reasoned that if that was a fact it was competent to prove it, and, if proved, it was proper to take it into consideration in estimating the value.

In discussing the further point raised, that the verdict was not justified by the evidence, the court referred to evidence of the separate values of the machinery, buildings, and leasehold which had been introduced at the trial. The total verdict was $33,000. Appellant railway there contended that testimony as to the value of the building was $8,000 and the machinery $12,000, and that this would indicate, in view of the total verdict, that the jury placed a value of $13,000 on the leasehold, which appellant contended was really worth nothing because of onerous conditions upon the lessee. The court did not agree with that reasoning and said that inasmuch as some witnesses had put quite a high value on the lease it could not say as a matter of law that the lease was worthless; further that it did not follow that the jury allowed $13,000 as the value of a lease of the bare ground. The court said in effect that respondent was not entitled to the value of the buildings, machinery, and leasehold separately (32 Minn. 228, 20 N. W. 137) "but of the *whole* together, as connected with each other." (Italics supplied.) The court decided that there was evidence reasonably tending to sustain the verdict.

In M.-St. P. Met. Airports Comm. v. Hedberg-Freidheim Co. 226 Minn. 282, 32 N. W. (2d) 569, a similar situation existed involving the condemnation of a leasehold and a hangar owned by the lessee, but the court, so far as is pertinent to the instant case, only discussed the issue raised with reference to the instructions; namely, whether the condemnee was entitled to receive the value of the leasehold and hangar as a whole or the sum of the value of the separate parts. We decided that evidence of the value of the hangar and lease separately were admissible as bearing on the value of the two as a unit and that the jury should be instructed that the value to be awarded is that of the property as a *whole* and not the sum of the values of the separate items composing it.

We shall assume, as the state contends, that the holding of the foregoing cases is restricted to situations involving the condemnation of a leasehold upon which buildings owned by the lessee are located. While we have not previously decided the specific issue raised in the case at bar it has been decided with various modifications in other jurisdictions. For example in Annotation, 172 A. L. R. 236, it is stated that the prevailing rule is that evidence of the reproduction cost of an improvement, less proper allowance for depreciation, is competent as a circumstance to be considered in valuing the whole property, provided that the improvement adds value to the land in a reasonable proportion to such cost. Pertinent decisions are analyzed therein.

Certain textwriters indicate that reproduction cost minus depreciation is evidence of value and may be introduced on direct examination if it is shown that the building is reasonably adapted to the land. 5 Nichols, Eminent Domain (3 ed.) § 20.2[1]; 2 Orgel, Valuation under Eminent Domain (2 ed.) § 190; Jahr, Eminent Domain, § 155. See, also, Chesapeake & O. Ry. Co. v. Johnson, 134 W. Va. 619, 60 S. E. (2d) 203; City of Little Rock v. Sawyer (Ark.) 309 S. W. (2d) 30; Matter of City of New York, 198 N. Y. 84, 91 N. E. 278, 41 L.R.A. (N.S.) 411.

Certain jurisdictions hold reproduction cost less depreciation admissible but require, as a prerequisite to admissibility, that sales of comparable property have not been discovered in the vicinity and define comparable as substantially similar in conditions. State v.

Burnett, 24 N. J. 280, 131 A. (2d) 765; United States v. Becktold Co. (8 Cir.) 129 F. (2d) 473.

Still other jurisdictions would seem to disregard any factor as a prerequisite to admissibility and hold evidence of reproduction cost less depreciation admissible in all cases. Housing Authority of Galveston v. Henderson (Tex. Civ. App.) 267 S. W. (2d) 843; Hickey v. United States (3 Cir.) 208 F. (2d) 269; Housing Authority v. Savannah Iron & Wire Works, 91 Ga. App. 881, 87 S. E. (2d) 671.

While we have carefully considered the various factors used by the above authorities we are of the opinion that the practical rule should be that evidence of reproduction cost, less depreciation, is admissible in all condemnation cases as a factor reasonably bearing on the market value of the property. However, in computing depreciation consideration must be given to physical "wear and tear" and economic and functional obsolescence.[1] Economic obsolescence would include factors which might cause a reduction or increase in the value of property as a result of external or environmental influences; such as, a change in nature of the surrounding neighborhood or legislative changes such as zoning. Functional obsolescence would include internal factors involving the inadequacies of a structure which have developed due to technological improvements; such as, in the instant case, a 27-foot ceiling in a laundry which at the present time might be considered unnecessary due to the advent of air conditioning and efficient ventilation systems.

The above rule is not to be taken in derogation of the "unit rule" of valuing property as a whole;[2] rather, it only allows evidence of reproduction cost, less depreciation, as an element or circumstance to be considered along with all other circumstances in arriving at a value of the *whole* property. As stated in King v. Minneapolis Union Ry. Co. *supra,* any evidence legitimately bearing upon the question of market value of property is admissible.

We are of the opinion that reproduction cost, less depreciation, as

[1]See, 5 Nichols, Eminent Domain (3 ed.) § 20.3; 2 Orgel, Valuation under Eminent Domain (2 ed.) §§ 195 to 197, emphasizing the importance of depreciation and discussing the factors to be considered in its computation.

[2]For a discussion of the "unit rule," see United States v. City of New York (2 Cir.) 165 F. (2d) 526, 1 A. L. R. (2d) 870.

defined, legitimately bears on the market value of the property. Accordingly, the trial court erred in sustaining the state's objection to the admission of such evidence on behalf of the laundry, and also erred in instructing the jury that such evidence was not under our law an element to be considered separately in computing the value of the property as a whole.

In view of our decision on the foregoing errors it is not deemed necessary to discuss the others assigned.

Reversed and new trial granted.