## 41557. STATE HIGHWAY DEPARTMENT v. HILLIARD et al.

Deen, Judge. 1. In this condemnation case the court instructed the jury as follows: "I charge you, gentlemen, that the word 'value' as used in the law relating to eminent domain or condemnation in Georgia is a relative term, depending upon the circumstances, and in determining such value, the measure of damages is not necessarily the market value, but may be the fair and reasonable value of the property taken, if you find that the market value would not coincide with the actual value of the property taken. Now, in determining just and adequate compensation under the constitutional provision, market value and actual value will not ordinarily be synonymous; and if they are not, that value which will give just and adequate compensation is the one to be sought by the jury in rendering its verdict." The instruction is correct except for the statement that "market value and actual value will not ordinarily be synonymous" which contains an implication that, should the jury find this to be an "ordinary" case, they should disregard market value as a component of

that value which will give just and adequate compensation to the owner. This court has frequently stated that the measure of damages which will afford the compensation guaranteed by the Constitution is ordinarily represented by the fair market value of the property interest taken, and that it is only in situations where market value does not coincide with just and adequate compensation that other yardsticks become available. *Housing Auth. of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881 (3) (87 SE2d 671); *Georgia Power Co. v. Pittman,* 92 Ga. App. 673 (89 SE2d 577); *Housing Auth. of Augusta v. Holloway,* 63 Ga. App. 485 (11 SE2d 418); *City of Atlanta v. Gore,* 47 Ga. App. 70 (5) (169 SE 776); *Bibb County v. Green,* 42 Ga. App. 552 (156 SE 745); *City Council of Augusta v. Lamar,* 37 Ga. App. 418 (6) (140 SE 763). While the instruction as given may have been a slip of the tongue, and while the court instructed the jury elsewhere in the charge that market value is the measure of damages, where the court gives two contradictory instructions in different portions of the charge without retracting either, and where the result may well confuse the jury and cause them to adopt a measure of damages which they might not otherwise use, the result cannot be held harmless error. *Tallulah Falls R. Co. v. Davis,* 26 Ga. App. 215 (2) (105 SE 712); *Grooms v. Grooms,* 141 Ga. 478 (3) (81 SE 210).

2. The remaining special ground is not argued. The general grounds of the motion for a new trial deal with the sufficiency of proof of consequential damages, and need not be passed on as the case is to be tried again.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Felton, C. J., and Jordan, J., concur.*

SUBMITTED OCTOBER 4, 1965—DECIDED OCTOBER 20, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, J. Kenneth Royal,* for plaintiff in error.

*W. Glenn Thomas, Jr., Albert E. Butler,* contra.