## Knight *vs.* Jones.

[Warner, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

The defendant in execution, arresting the same by illegality on the ground that he was not served in the suit, must allege in his traverse of the return of the sheriff, and prove, that he made such traverse at the next term of the court after he had notice of the sheriff's return; especially where he is sworn as a witness.

Executions. Illegality. Sheriff. Before Judge Wright. Decatur Superior Court. November Adjourned Term, 1879.

A *fi. fa.* against Cliett and Jones was levied on certain property of Jones, and he filed an affidavit of illegality on the ground that he had not been served with the process in the case in which the *fi. fa.* was issued. The jury found for defendant. Plaintiff, Knight, moved for a new trial. It was refused, and he excepted.

D. McGill; Jno. E. Donalson; O. G. Gurley, for plaintiff in error.

Fleming & Russell, for defendant.

Jackson, Justice.

However strong the evidence of defendant may be, in support of his affidavit of illegality, that he was not personally served so as to make him personally liable to pay the execution levied on his personal and individual property, issued against a partnership firm of which he was a member, it cannot avail him unless he allege and prove that he traversed the sheriff's return of service upon him individually at the next term after he had knowledge that such a return had been made. In this case he made the allegation in his traverse, but does not swear to it; nor does he testify to the fact as a witness so far as the record discloses the evidence. Two things the burden is on him to show—one, that the sheriff's return is untrue, that he was not personally served; and the other, that he traversed the return as soon as he knew it had been made and did not let a term pass after such notice or knowledge without making the traverse. The latter is just as important as the former, and must be not only alleged but proven by the defendant. 55 *Ga.*, 396, 677.

The necessity of the proof of it by oath will be apparent when we consider that men may allege not under oath facts which they might not be willing to verify on oath. In this case the record may be defective as stated by counsel, but no suggestion is made of a diminution of it, and we must consider it complete. So considering it, we find no proof that defendant made the traverse at the next term after he knew of the sheriff's return, and must therefore reverse the judgment and order a new trial.

Judgment reversed.