## 21717. DUGAS *v.* SOUTHERN REALTY COMPANY.

BROYLES, C. J. Southern Realty Company filed its suit to the April term, 1931, of the city court of Richmond county against Dugas on a promissory note executed by him as maker. On April 1, 1931, Dugas was served by the sheriff with what purported to be a true copy of the petition and process. However, the copy of the note attached to the original petition was payable to the order of the plaintiff, while the copy of the note attached to the paper served on the defendant was payable to the order of the Citizens & Southern National Bank and bore no indorsement by the bank. On April 22, 1931, the defendant filed a demurrer to the petition, on the ground that it appeared on the face of the petition that the note sued on was not the property of the plaintiff, but was the property of the Citizens & Southern National Bank. On June 13, 1931, when the demurrer came on for a hearing, the variation between the petition and the copy served on the defendant was discovered, and the hearing was adjourned to June 20, 1931, to allow the

defendant an opportunity to file a brief on the demurrer. On June 19, 1931, the defendant filed his sworn traverse to the return of the sheriff, admitting the fact of service on April 1, 1931, but denying that the copy served on him was a true copy, and pointing out the above-stated variation, and alleging that the first notice he or his counsel had of the *variation* was on June 13, 1931, when the demurrer came up for a hearing. The final hearing was had on June 22, 1931, when the docket was called for the trial of cases set for the week beginning on that day, the clerk having placed on the assignment docket for June 23 the instant case. Counsel for the defendant objected to its remaining on the assignment docket, upon the following grounds: "(1) That under the standing rules of the court, no case is assignable if a demurrer has been filed and not disposed of; and the record showed that defendant had filed his demurrer on April 22, 1931, and it was still pending when the assignment was prepared. (2) That under the standing rules of the court, any attorney requesting to have a case placed on the assignment docket is required to give written notice of such request to opposing counsel, and no such notice was given in this case." The objections were overruled and the case was allowed to remain on the docket for trial on June 23. To this judgment the defendant excepted. On the same day, June 22, 1931, the demurrer was overruled, it being a nunc pro tunc ruling and the delay in passing on the demurrer being caused by the request of the defendant's counsel for time to file a brief. The defendant excepted to the judgment overruling the demurrer. On June 23, 1931, the court overruled the traverse, and the defendant excepted. On the same day a verdict and judgment were taken in favor of the plaintiff, and the defendant again excepted. *Held:*

1. Under the above-stated facts it does not appear that the judge abused his discretion in allowing the case to remain on the docket for trial on June 23.

2. The petition on file in the office of the clerk of the court was not subject to the demurrer interposed, and the court correctly so held. See, in this connection, *American Bonding Co.* v. *Adams,* 124 *Ga.* 510 (1-c) (52 S. E. 622).

3. The traverse was filed too late and was properly overruled. "The entry of the sheriff or any officer of the court, or his deputy, may be traversed by the defendant at the first term after notice of *such entry* (italics ours) is had by him, and before pleading to the merits." Civil Code (1910), § 5566. In the traverse filed in this case the defendant alleged that the first notice he had of the *variation* was on June 22, 1931, but notice of the "variation" is not the same as notice of the sheriff's entry. The traverse, construed most strongly against the defendant, shows that it was not filed at the first term after he had notice of the entry of the sheriff. Furthermore, the traverse was filed after the defendant had pleaded to the merits of the case by interposing a general demurrer to the petition.

4. The court did not err in rendering final judgment in favor of the plaintiff.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931.

*Fleming & Fleming,* for plantiff in error.
*Hammond & Kennedy,* contra.