CRANE *v.* STRATTON *et al.*

No. 11836. NOVEMBER 13, 1937. REHEARING DENIED DECEMBER 9, 1937.

235

*R. A. McGraw*, for plaintiff.  *Atkinson & Allen*, for defendants.

GRICE, Justice.  ■  A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue in the case wherein the judgment is rendered, until such judgment is reversed or set aside.  Code, § 110-501.  Where a party having evidence competent to be introduced on issues made by the pleadings fails to introduce the same, his failure so to do does not affect a judgment which would be · conclusive under the Code section just referred to.

■  "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the court, shall be made within three years from the rendering of said judgments or decrees." Code, § 3-702.  It has been held in this court that where complainants have negligently allowed three years to pass without seeking to set aside the judgment complained of, equity will grant no relief.

■  The contention that there was such a traverse of the return of service in this case as rendered it error for the court to direct the verdict complained of is without merit.  The return of service by the sheriff in this case was in effect that he had served the defendant with a copy of the declaration and process by leaving the same at the defendant's most notorious place of abode.  The traverse was without merit, inasmuch as the sheriff making the return was not made a party to the traverse.  And besides, such traverse must be filed by the defendant at the first term after notice of the entry of service is had by him.  Code, § 81-214. · In the absence of a proper traverse, with proper parties duly made, the entry of service is conclusive.

■  Under the evidence introduced to support the plea of former adjudication, the uncontroverted facts required the verdict as directed.  *Judgment affirmed.  All the Justices concur.*

The case of *McKnight* v. *Wilson*, 158 *Ga.* 153 (122 S. E. 702), cited by the movant, is distinguished for the reason that the pleading in the instant case does not show that the movant was a nonresident of the county in which the suit was brought, but only that he alleges that he was not served; whereas in the cited case the defendant did not reside in the county where the suit was brought. Other grounds of the motion for rehearing being considered, the motion is denied.