35692. JENNINGS *v.* DAVIS *et al.*

DECIDED MAY 20, 1955—ADHERED TO ON REHEARING JUNE 22, 1955.

*Thomas T. Purdom, Grant, Wiggins, Grizzard & Smith,* for plaintiff in error.

*J. Corbett Peek, Jr., Hoke Smith, Geo. T. Cason, Robert K. Broome, Durwood Pye,* contra.

TOWNSEND, J. ■ It is contended by the plaintiff in error that the judgment against her was absolutely void, for which reason it was not necessary to traverse the sheriff's entry of service. In *Payne* v. *Moore Finance Co.,* 87 *Ga. App.* 627 (74 S. E. 2d 746), this court held: "A verdict and judgment rendered in a case where the officer serving a copy of the petition and process failed to show on the copy the date of the service on the defendant by dating and signing the copy, in the absence of waiver, is void, and the court erred in not setting aside the judgment," and that the requirements of Code § 81-202 are "mandatory and jurisdic-

tional." This case was followed in *Jones* v. *Roberts Marble Co.*, 90 *Ga. App.* 830 (84 S. E. 2d 469). The effect of these holdings is, therefore, that, where it is properly made to appear that the copy process left with the defendant in a civil action is not dated or signed by the officer serving the same, there is no service and the judgment in the case, if judgment has been entered up, is a nullity. In one of these cases the return of service was traversed; in the other it was not. Neither case dealt with the necessity for, or adequacy of the traverse, and the question was not raised before this court; in consequence, insofar as *method* is concerned these cases constitute adjudications only as to the effect of service, and are at most only physical precedents insofar as the question is concerned of how lack of service may be raised.

Code § 110-701 provides as follows: "A void judgment may be attacked in any court by any person. In all other cases judgments may not be impeached collaterally, but must be set aside by the court rendering them." It was early held that while, at common law, a return of service of a sheriff was conclusive and could not be attacked at all, this rule was modified in Georgia by statute (Code § 81-214), which permits the return to be traversed, but only by making the sheriff a party, and only in the court in which the judgment was rendered. It follows, therefore, that once it becomes established that the service is in fact deficient in the manner here alleged the judgment is void, but, until such facts have been established, the judgment is not void in the sense and under the definition of void judgments contained in Code § 110-701, supra.

■ It is therefore necessary to determine how it may be established that the return of service of the sheriff, properly of record in the office of the clerk of the superior court, and in every way complete and regular on its face, may be attacked so as to prove that the judgment is in fact void for lack of service. As to this only one method is set out in Code § 81-214, as follows: "The entry of the sheriff or any officer of the court, or his deputy may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits; but this shall not deprive the defendant of his right of action against the sheriff for a false return." See also *Crane* v. *Stratton*, 185 *Ga.* 234 (194 S. E. 182) ; *Georgia Ry. & Power Co.* v. *Davis*, 14

*Ga. App.* 790 (82 S. E. 387); *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (94 S. E. 609). In the absence of a proper traverse, the judgment is good, notwithstanding it is undisputed that the defendant was in fact not served at all (*Winecoff* v. *Weeden,* 142 *Ga.* 552, 82 S. E. 1057), or was served only by publication in a case necessitating personal service (*Southern States Phosphate &c. Co.* v. *Clark,* 149 *Ga.* 647, 101 S. E. 536), or in any of the myriad other ways wherein defects of service, properly shown, would void the judgment.

Where the defect in service appears on the face of the record, it is, like any other defect, subject to a motion in arrest or a motion to set aside the judgment, and no traverse is necessary. Code §§ 110-702, 110-705. The plaintiff in error here cites *Myers* v. *Griner,* 120 *Ga.* 723 (48 S. E. 113), in support of his contention that the copy petition and process are a part of the "face of the record." That case holds merely that a process consists of two parts—that which remains with the original petition, and that which is attached to the copy petition; and that a defect in the process on the original petition may be amended nunc pro tunc where, by reference to the copy, there is found to be enough to amend by so as to make the one conform to the other. Of course this fact does not constitute the copy process, or the copy return of service, a part of the "face of the record" under the meaning of these Code sections. In criminal cases the record consists merely of the indictment, plea, and verdict. See Code § 27-1601 and citations. In civil cases it has been held to include everything in the nature of endorsements and entries on the court records of file in the case placed there presumptively by the authority of the clerk. *Smith* v. *Jacksonville Oil Mill Co.,* 21 *Ga. App.* 679 (1c) (94 S. E. 900). It has never been held to include papers involved in the litigation which are not a part of the record kept under the authority and direction of the clerk of the court in which the suit is pending. See Code (Ann.) § 110-702, catchword, "Face of the record." The word itself refers to the court record, not the file built up by litigants for their personal use. Accordingly, the defective copy process is not a part of the "face of the record." Since the record does show a return of service regular on its face, a proper traverse of the return is necessary.

■ On a motion to dismiss the petition to set aside the judgment, the motion must show every fact required under the provisions of Code § 81-214 to be good in law. One requirement is that the pleading must affirmatively allege that the traverse was made at the first term after notice of the entry of service. *Knight* v. *Jones,* 63 *Ga.* 481; *Evans* v. *Smith,* 101 *Ga.* 86 (28 S. E. 617); *Rawlings* v. *Brown,* 15 *Ga. App.* 162 (2) (82 S. E. 803); *Dugas* v. *Southern Realty Co.,* 44 *Ga. App.* 355 (161 S. E. 653). The last-cited case also holds that, as to allegations of notice of the return of service, the pleadings must be construed most strongly against the pleader. The motion here, while failing to state whether or not the plaintiff in error had notice of the entry of service, or even whether or not there is an entry of service, prays that "the return of any sheriff or deputy sheriff showing that service in this case had been perfected as required by law on movant be declared void and set aside." The plaintiff in error contends that the motion to set aside should be construed to mean, not only that she did not have notice of the entry of service prior to filing the traverse incorporated therein, but that she did not have notice even at the time of filing the same. This contention was, in *Webb* v. *Armour Fertilizer Works,* 21 *Ga. App.* 409, 410 (94 S. E. 610), itself treated as a fatal defect, the court holding, "It does not seem to have been contemplated that prior to such notice the defendant might file a provisional or conditional denial to a possibly existent return not alleged to exist in fact." In any event, construing the motion against the pleader (which is mandatory under *Dugas* v. *Southern Realty Co.,* supra), it must affirmatively appear that the traverse was filed at the first term after notice of such entry of service. This essential allegation being absent, it must be presumed, on a motion to dismiss in the nature of a general demurrer, that the traverse was not so filed, and it was therefore proper for the trial court to dismiss the same.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Felton, C. J., Gardner, P. J., Carlisle, Quillian, and Nichols, JJ., concur.*