37024. GEORGIA POWER COMPANY *v.* LIGHTFOOT *et al.*

CARLISLE, Judge. 1. An appeal from the award of assessors in a condemnation proceeding under the provisions of Code Ch. 36-2 is a de novo investigation, and the defendant may file appropriate pleadings and defenses therein as in other suits. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1, 6 (3) (76 S. E. 387, Ann. Cas. 1914A, 880). In the trial of such an appeal in the superior court, the proceeding is governed by the rules applicable to ordinary suits. *Western Union Tel. Co.* v. *W. & A. R. Co.,* 142 *Ga.* 532, 535 (83 S. E. 135).

2. In a case of the nature indicated by the preceding headnote, the notice of condemnation, with the entry thereon of service on the condemnee by the sheriff, the petition to the ordinary for appointment of assessors where the defendant failed to appoint one to act in his behalf, the various notices, etc., and the award of the assessors, all duly filed in the office of the clerk of the superior court and marked by him with the date of filing constitute the original record in the case. *Jennings* v. *Davis,* 92 *Ga. App.* 265, 268 (88 S. E. 2d 544).

3. A deficiency in the copy of the notice of condemnation served on the condemnee which does not show on the original filed with the clerk does not constitute a defect appearing on the face of the record such as may be taken advantage of by motion or by general demurrer. *Jennings* v. *Davis,* supra.

4. Accordingly, where the documents thus filed with the clerk are regular and complete on their face it is not ground for dismissal of the condemnation proceeding on oral motion in the nature of a general demurrer that the copy of the notice of condemnation served on the condemnee did not name the assessor appointed by the condemnor. Assuming, but not deciding, that the deficiency in the copy of the notice in this respect constituted such an irregularity as would vitiate the proceeding, the defect could only be taken advantage of by the condemnee by his traversing the service of the notice. The trial court, therefore, erred in dismissing the proceeding on oral motion of the condemnee.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 14, 1958.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Hull, Willingham, Towill & Norman, Robert C. Norman, J. P. Cheney, Cohen Anderson,* for plaintiff in error.

*Thomas M. Odum,* contra.