38310.   STATE HIGHWAY DEPARTMENT v. WELLS.

DECIDED JUNE 16, 1960—REHEARING DENIED JULY 13, 1960.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, George L. Jackson,* for plaintiff in error.

*J. Pierce Anderson,* contra.

NICHOLS, Judge. ■ The usual general grounds of the condemnor's motion for new trial were expressly abandoned in its brief and will therefore not be considered.

■ Special grounds 1 and 2 of the amended motion for new trial complain of the refusal of the trial court to rule out certain evidence. C. B. Washburn and Corbin C. Roberts, as witnesses for the plaintiff, testified as to the value of certain property. Each testified that, other than the lot on which the condemnee's house was located, there was room for six other lots on the property being condemned and that each such lot had a market value of $1,000. On cross-examination it was shown that the first witness based his "value" on lots 200 feet deep, and the second witness on lots "approximately 150 feet deep." The condemnor then objected to their testimony and moved to exclude it because they were testifying as to the value of land not being taken since the "right-of-way" being condemned was only 125 feet deep.

In *Tift v. State Highway Dept.* 99 Ga. App. 387, 392 (108 S. E. 2d 724), it was held that the trial court did not commit harmful error in excluding from evidence testimony as to value of land for subdivision purposes when it was not shown that the witness was limiting his valuation to the property being condemned. It was there said: "We do not think the refusal to permit the answer to this question, under the circumstances in this case, was harmful to the condemnee and we do not think the judge abused his discretion." If the trial court had a discretion in admitting or excluding the testimony neither the admission nor the exclusion of such evidence would be reversible error unless it was shown that such discretion had been abused.

In *Southern Ry. Co. v. Richardson,* 48 Ga. App. 25, 30 (172 S. E. 79), it was held: "It was not error to admit testimony as to the value of the barn and other property destroyed by the fire. The jury could take into consideration the knowledge and lack of knowledge of the witnesses of the facts they were testifying about and weigh them. It is not a ground for objection to testimony that a witness, after testifying to a fact, testifies on cross-examination to facts that tend to show that he knows little or nothing about the fact as to which he previ-

ously testified on direct examination." In the present case these two witnesses may have demonstrated to the jury that they were testifying about something they knew little or nothing about, to wit: . "The value of the land taken by the State," and it was not harmful error, as to the State, for the trial court to fail to rule out their testimony.

■ Special ground 3 complains that the trial court erred in failing to instruct the jury, without request, to disregard certain testimony which, on motion of the condemnor, had been ruled out of the evidence.

The testimony ruled out, and which the condemnor fears may have been considered by the jury was testimony given by Milton H. Chapman as to the market value of the condemnee's house based on the square footage in such house. The testimony was objected to because the witness testified on cross-examination that he did not measure the house to determine the number of square feet therein but took the word of someone else as to the number of square feet in such house and based his valuation thereon. During the trial of the case Mr. Washburn testified as to the size of the house, and it was in reliance on information obtained from Mr. Washburn that the witness based his "value" on the house.

In *Martin v. State*, 44 Ga. App. 276, 284 (161 S. E. 371), it was held that, where a witness testified to what he was told by "someone" and later, on personal knowledge, a witness testified to the same fact, the admission of the hearsay testimony over objection would in no event be cause for reversing the case. The failure of the trial court to expressly instruct the jury not to consider that part of the testimony of Milton H. Chapman which was based on hearsay would at most have allowed the jury to consider such testimony and under the above cited case and the cases there cited this would not have been harmful error. Accordingly, it was not reversible error to fail to charge the jury without request not to consider the hearsay testimony that had been ruled out of the evidence, and the judgment overruling the condemnor's motion for new trial was not error.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*