38920.  STATE HIGHWAY DEPARTMENT v.
STEWART *et al.*

DECIDED JUNE 22, 1961—REHEARING DENIED JULY 14, 1961.

*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General, Robert D. Tisinger, William J. Wiggins,* for plaintiff in error.

*Shirley C. Boykin,* contra.

TOWNSEND, Presiding Judge. ■ The defendant in error First National Bank of Atlanta has filed a motion to dismiss the writ of error on the ground that service of the bill of exceptions upon all necessary parties has not been obtained as required by law. It appears from the affidavit of a bailiff of a Carroll County militia district that Mrs. W. J. Stewart was served personally with the bill of exceptions and it further appears that the First National Bank acknowledged service. The bailiff served three of the remaining defendants in error personally, and served three others by leaving a copy at their residence in Atlanta, Georgia. This was obviously insufficient service as to these latter three parties under the provisions of *Code* § 6-911 providing the mode of service of the bill of exceptions where the defendant in error resides outside the county.

Under *Code* § 6-1202 as amended by the act of 1957 (Ga. L. 1957, p. 224) there is a duty upon the appellate court in cases

where all necessary parties as shown by the record have not been served to require by proper order that service be effected unless such necessary parties shall have acknowledged or waived service. This act applies only where there is more than one defendant in error, and at last one of them has been properly served. *Anderson v. Heyward,* 96 Ga. App. 683 (101 SE2d 110). It would accordingly be applicable in this case, since Mrs. Stewart and the First National Bank were properly served or acknowledged service. By the following language the statute leaves the decision to the appellate court in certain instances as to whether a party shown by the record to have been involved in the litigation is in fact a necessary party to the appeal: "No party shall be considered as interested in the litigation in the appellate court who will not be affected by the judgment to be rendered in that particular case, such as sheriffs upon a money rule when the contest is between various claimants of the fund and not between the sheriff and any one of them, or a receiver occupying a similar relation, or a complainant in a bill of interpleader and other parties occupying similar positions. This recital of instances shall not be construed to exclude cases coming under the intention of this section but not mentioned herein."

We held in *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54) that on appeal to the jury from the award of the special master and judgment of the court thereon, the only issue before the jury is the value of the property, and that the jury does not pass upon the respective interests of the various claimants to the fund. In this case the master's award found "Mrs W. J. Stewart, life tenant, and the First National Bank of Atlanta, executor and trustee of W. J. Stewart, condemnee" entitled to the proceeds of the property sought to be condemned. The trial in the superior court on the issue of value resulted in a verdict in favor of "Mrs. W. J. Stewart et al. as owner of said property," upon which verdict judgment was rendered in favor of "the First National Bank of Atlanta, as executor of the last will and testament of W. J. Stewart." Mrs. Stewart and the bank were properly served or acknowledged service. What interest, if any, is claimed by the other persons named in the original petition does not appear, and it is assumed that some

or all of them may occupy the status of remaindermen. "In a bill against an executor, it is not in general necessary that the legatees should be parties." *Beall v. Blake,* 16 Ga. 119 (3). Since the bank as trustee and executor would represent the interests, if any, of such remaindermen, and since this appeal is on the question of value only, and the record shows none of the defendants in error, except the bank and Mrs. Stewart who were admittedly properly served, to have any interest in the property, none of the other named defendants in error appears to be a necessary party to this writ of error. The award and judgment clearly eliminate all other parties from any interest in the property except such as they may have as legatees under the will. Title to such property remains in the executor until it assents to the devise. *Code* §§ 113-801, 113-907. After such assent is given the land is no longer a part of the estate. *Matson v. Crowe,* 193 Ga. 578 (2) (19 SE2d 288). The award of the assessor and the judgment based on the verdict on appeal both show affirmatively that the First National Bank in its capacity of executor of the estate is the condemnee having title to the property. It is accordingly immaterial that some of the other parties named in the original petition for condemnation were not properly served as defendants in error in this bill of exceptions, since it does not appear from the record that they were necessary parties to the appeal. The motion to dismiss the writ of error is denied.

■ All grounds of the motion for a new trial have been abandoned except special grounds 2 and 3 complaining of the following excerpt from the charge, which is all of the instructions given the jury as to determination of value: "Now, the law provides that in assessing damages in a case of this type the jury will determine the actual value or the market value of the land actually taken. Now, you look to the evidence and you are to determine from the evidence what the market value of the land actually taken is. Now, the land to be used for road purposes or highway purposes is the property of what is known as the W. J. Stewart estate, and you will determine what is the value of it. Whatever you find that to be, gentlemen, you will find an award that the State Highway Department shall pay

to the condemnees that amount for the property actually taken.

"Now, gentlemen, in determining the value of the land you are not to consider the market value of the land sought to be condemned from a residential standpoint, that is, for residential purposes alone, but the law says that you will consider the market value of the property for any purpose for which it is suitable or it is adapted whether for residential or whatever the evidence may show it to be.

"Now, the market value of property is what a person who does not have to sell is willing to take from a person who is willing to buy but does not have to buy.

"Now, gentlemen, I charge you in that connection that an owner of property taken for public purposes is entitled to receive as compensation therefor its fair market value.

"Now, gentlemen, value under our law, as used in reference to land taken under eminent domain, is a relative term depending on the circumstances. Thus, under such circumstances, the value might be the actual value, the market value, the salable value, the reasonable value, and the cash value.

"I charge you, gentlemen, further, that under the law, where a person has the right of eminent domain as in this case, you cannot take the other person's property without giving him just and adequate compensation for it; *and in this case, gentlemen of the jury, the valuation is not determined by the market value of the property,* but it is what was that property, house and lot, when taken, what was the actual value of that property to the owners."

The unfortunate language of the last clause was taken from a charge to the jury in *Housing Authority of Augusta v. Holloway,* 63 Ga. App. 485 (11 SE2d 418) where this court with two judges concurring and one dissenting declined to reverse. The majority opinion does not approve the charge but simply holds that it was not reversible error in that case because of the manner in which the case was tried and the previous stipulations of counsel. It is true, as stated therein, that the constitutional provision regarding payment of just and adequate compensation "does not necessarily restrict the owner's recovery to market value as the term is sometimes used." This has been

recognized, among other cases, in *Housing Authority of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881 (87 SE2d 671) and *State Highway Dept. v. Robinson,* 103 Ga. App. 12 (2) (118 SE2d 289). The rule applies where by reason of special factors the pecuniary value of the property to the owner is for some reason not the same as the actual cash market value. This would ordinarily be a question for the jury to determine. The general rule is that the measure of damages (excluding the question of consequential damages and benefits which were not involved here) is the market value of the property taken. See cases cited in the dissenting opinion in *Housing Authority of Augusta v. Holloway,* 63 Ga. App. 485, 487, supra; also *McDuffie County v. Gunn,* 50 Ga. App. 198 (3) (177 SE 363).

The property in question involved a large house of 17 to 20 rooms which had been converted into three apartments, one of which was used as a residence by Mrs. Stewart, two tenant houses, and a considerable tract of land suitable for subdivision. No reason appears why the actual value to the owner would be other than the true market value as correctly defined by the court in his charge. Even should other factors have appeared in the evidence for the jury to take into consideration, a charge that "in this case the valuation is not determined by market value" deprived the jury of considering market value in determining the amount to be awarded as just and adequate compensation, and was clearly error for that reason. See also *Sutton v. State Highway Dept.,* 103 Ga. App. 29 (118 SE2d 285). The fact that the court did in the first instance charge correctly on the measure of damages does not render this error harmless, for "a charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial." *Plaspohl v. Atlantic C.L.R. Co.,* 87 Ga. App. 506, 508 (74 SE2d 491).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Frankum and Jordan, JJ., concur.*