39580. STATE HIGHWAY DEPARTMENT v. WHITEHURST et al.

DECIDED SEPTEMBER 17, 1962.

Eugene Cook, Attorney General, Carter Goode, Paul Miller, E. J. Summerour, Assistant Attorneys General, S. B. McCall, William J. Gibbons, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, for plaintiff in error.

Edward Parrish, Hugh D. Wright, Virgil D. Griffis, contra.

FRANKUM, Judge. ■ "Refusal to allow counsel to put a certain question to a witness on direct examination can not be held to be error where it does not appear that the expected answer was disclosed to the trial judge. A different rule applies to questions asked on cross-examination." *Gilpin v. State Highway Board*, 39 Ga. App. 238 (1, 2), supra. Special ground 1 of the motion for new trial is without merit.

■ "In determining just and adequate compensation, under the constitutional provision, market value and actual value will

ordinarily be synonymous. If they are not, that value which will give 'just and adequate compensation' is the one to be sought by the jury in rendering its verdict." *Housing Authority v. Savannah Iron &c. Works,* 91 Ga. App. 881, 886, supra. "While market value is the general yardstick in a condemnation proceeding, there may be circumstances in which market value and actual value are not the same, and in such event the jury may consider the actual value of the property therein appropriated in determining just and adequate compensation." *State Highway Dept. v. Robinson,* 103 Ga. App. 12 (2), supra. But before "actual value to the owner" (if different from market value) can be used as a yardstick for measuring damages the evidence must show some reason why the "actual value to the owner" would not be the same as market value. *State Highway Dept. v. Stewart,* 104 Ga. App. 178 (121 SE2d 278).

The court erred in admitting in evidence testimony to the effect that the condemnee could not obtain suitable property in the city of Adel to take the place of the property condemned because of zoning regulations. The evidence in the instant case shows the property condemned was not within the city limits of Adel. While it appears from the condemnee's argument to the trial court for the admission of this evidence (which is set forth in a special ground of the motion for new trial) that the condemnee obtained from the city of Adel services such as lights and water, and that, in order to continue to receive such services, it was necessary to relocate his business near the city limits and that to obtain such property was difficult, the testimony admitted by the court fails to show that the condemnee was unable to obtain such property whereby such proof would infer that the property condemned had an "actual value" to the condemnee in excess of the market value. In fact, the evidence shows that the condemnee had obtained other property near the city limits of Adel. Therefore, the court erred in overruling special grounds 3 and 5 of the motion for new trial, complaining of the admission of such evidence. *State Highway Dept. v. Stewart,* 104 Ga. App. 178, supra.

■ In charging the jury the court defined "limited access highway." The condemnor assigns this portion of the court's charge as error upon the basis that it injected the issue of conse-

quential damages into the case, when by agreement of the parties, the case was tried as a total taking, and, ipso facto, there was no question of consequential damages involved. Looking at the charge as a whole the court did not instruct the jury with respect to consequential damages. We are of the opinion that the charge did not have the effect of misleading the jury in any of the respects claimed by the condemnor in special ground 6. Consequently, if the charge was erroneous, it was harmless and does not require a new trial. *Harrison v. Hester*, 160 Ga. 865 (3), supra.

■ Special ground 7 complains that the verdict of the jury was excessive. However, we find that the jury's verdict was within the range of the evidence, and, hence, this ground is not meritorious. *State Highway Dept. v. Alexander*, 105 Ga. App. 738 (125 SE2d 537). Condemnor specifically abandons special ground 4.

*Judgment reversed for reasons stated in Division 2. Nichols, P. J., and Jordan, J., concur.*