## 39681. STATE HIGHWAY DEPARTMENT v. THOMAS et al.

Decided October 26, 1962—
Rehearing denied November 8, 1962.

*Eugene Cook, Attorney General, Carter Goode, Richard L. Chambers, Assistant Attorneys General, Hollis Fort, Jr.,* for plaintiff in error.

*R. L. LeSueur, R. L. LeSueur, Jr.,* contra.

HALL, Judge. ■ Special grounds 1, 4, 5, 6 and 9 of the motion for new trial complain of the admission of, or failure to exclude, testimony of the condemnee and two other witnesses as to the value of condemnee's property for subdivision purposes. The condemnor objected to the evidence on the ground that the condemnee had not shown that a subdivision was in the process of

being developed when the property was condemned, and hence it was inadmissible to prove the fair market value of the land or the basis for just and adequate compensation. This court has held that at least a reasonable probability must be shown that condemned property could be used for subdivision purposes to authorize a jury to consider subdivision use in determining the value of land; the mere possibility of such use is not sufficient to authorize the jury to consider subdivision use in determining the value. *Georgia Power Co. v. Livingston,* 103 Ga. App. 512, 513 (119 SE2d 802). "Under proper evidence, in determining just and adequate compensation for property taken by eminent domain, the jury may consider the value of the property for uses other than that for which it was being used at the time of the condemnation." *State Highway Dept. v. Robinson,* 103 Ga. App. 12, 16 (118 SE2d 289). The trial judge may exercise his discretion to determine whether there is ample evidence to authorize the jury to consider subdivision use in finding the value of land and, based on such determination, may admit or exclude evidence of value of the land for subdivision use. *Tift v. State Highway Dept.,* 99 Ga. App. 387, 392 (108 SE2d 724); *State Highway Dept. v. Wells,* 102 Ga. App. 152, 153 (115 SE2d 585). Hence, when the trial judge determines from the evidence that there is a reasonable probability that land can be used for a subdivision and accordingly admits evidence of its value for subdivision use, his discretion will not be controlled unless it is abused. *Tift v. State Highway Dept.,* supra; *State Highway Dept. v. Wells,* supra. In the present case the condemnee testified that he had in mind subdividing the property 10 or 12 years ago, shortly after he purchased it. There was testimony of witnesses knowledgeable in real estate that the property was about one and one-half miles from the center of Americus and that the development of the town was going in the direction of the property; that it was adaptable for a subdivision and best suited for residential subdivision; that certain utilities were available; that the adjoining property had been subdivided with streets laid out to the line of the condemned property which could continue through the property. The president of a Federal Savings & Loan Association testified that lots as shown on a subdivision

survey would be acceptable for loans. The trial judge did not abuse his discretion in determining that this evidence established a reasonable probability that the land could be used for a subdivision and that the jury were authorized to consider subdivision use in arriving at its value.

■ Grounds 2, 3, and 7 complain of the admission of and refusal to exclude testimony of witnesses introduced to show the value of "metal Quanset type" buildings, of certain dimensions and materials, which the condemnor had removed from condemnee's property and sold. Two witnesses testified that they had seen photographs taken of these buildings before condemnation. One of these witnesses testified that he had seen and measured these buildings since the condemnation. The other witness testified that he had seen the buildings both before and after the condemnation. The witnesses testified as to their experience with buildings of the same type and their familiarity with the prices thereof, and testified as to the cost and market value of comparable buildings. The condemnor objected to the evidence at the trial on the ground that the witnesses had not been in the buildings.

The condemnor relies on *Georgia Power Co. v. Livingston,* 103 Ga. App. 512, supra, where the court held that a witness was not competent to give his opinion of the value of a house in which he had never been. That case is not controlling. In the present case the witnesses testified as stated above as to their observations of the buildings before and after the condemnation, and testified further, based on their experience with and knowledge of the buildings in question and like buildings, as to the value of structures of this type. Nor is the case of *State Highway Dept. v. Murray,* 102 Ga. App. 210 (115 SE2d 711), controlling. There it was held that where there was no other evidence of the value of houses, replacement costs, standing alone, should not be admitted to establish the damages in a condemnation case. The evidence offered in the present case to prove the value of condemnee's buildings was the value of like property, which is admissible if the trial judge determines the other property is comparable. *West v. Fulton County,* 95 Ga. App. 320, 321 (97 SE2d 785); *Housing Authority of Calhoun*

*v. Spink*, 91 Ga. App. 72, 78 (85 SE2d 80). See also *Globe &c. Fire Ins. Co. v. Jewell-Loudermilk Co.*, 36 Ga. App. 538, 539 (137 SE 286); *Burns v. Brown*, 73 Ga. App. 488 (37 SE2d 233); *McCoy v. City of Atlanta*, 96 Ga. App. 392, 394 (100 SE2d 96).

■ The condemnor complains in ground 8 of the admission of testimony of the condemnee: "I understand that I am entitled . . . to the value for the highest and best use of that land, whether we did it [subdivision appraisal] three months ago, or three weeks ago or Sunday makes very little difference insofar as I know." The condemnor moved that this testimony of condemnee, "as to what he considers the law as to the measure of damages" be stricken. The condemnor argues that to allow condemnee to state such a conclusion of law would have the effect of overemphasizing his testimony.

In view of instructions given to the jury by the trial judge to the effect that "the landowner is entitled to the present value of the property appraised in the light of its highest and best use as shown by the evidence," the failure of the court to exclude the above quoted testimony, even if error, could not have harmed the condemnor.

■ Grounds 10, 11, 12 and 13 complain of the admission of evidence of sales of realty by the condemnor and by an adjoining landowner to purchasers having the right of eminent domain. In its motion for new trial the condemnor contends that the evidence was inadmissible because the sale in each case was under compulsion rather than from a willing seller to a willing buyer, and in its brief cites supporting authorities for this contention. The objections made at the trial did not specify this reason for the inadmissibility of the evidence, and condemnor has not argued the grounds of objection raised at the trial. Grounds of objection not urged when evidence was offered at the trial, but made for the first time in the amended motion for new trial, cannot be considered by this court. *Middleton v. Waters*, 205 Ga. 847, 854 (55 SE2d 359); *Georgia Power Co. v. Hendricks*, 97 Ga. App. 369, 370 (103 SE2d 601); *Slater v. Russell*, 100 Ga. App. 563, 565 (112 SE2d 178).

■ Ground 14 complains of the following charge: "I further charge you that the word 'value' as used in the law relating to

eminent domain or condemnation in Georgia is a relative term depending on the circumstances and in determining such value, the measure of damages is not necessarily, as I have stated, the market value, but may be the fair and reasonable value of the property taken if you find that the market value would not coincide with the actual value of the property taken." The condemnor argues that the above charge is erroneous for the reason that there was no evidence whatever that the property had any unique value to the condemnee over and above market value. "Generally speaking, the measure of damages is the market value of the property to be taken, and when this would give just and adequate compensation to the owner this rule should be applied." *Housing Authority of Augusta v. Holloway*, 63 Ga. App. 485, 486 (11 SE2d 418). But when the evidence shows that the property has some unique and special value to the condemnee other than, or over and above, fair market value, and that fair market value will not afford just and adequate compensation to the condemnee, other criteria than fair market value may be considered in arriving at just and adequate compensation. *Housing Authority of Augusta v. Holloway*, supra; *Fulton County v. Cox*, 99 Ga. App. 743, 748 (109 SE2d 849). In *Housing Authority of Savannah v. Savannah Iron &c. Works*, 91 Ga. App. 881 (87 SE2d 671), where there was no evidence of fair market value of the property taken, but the evidence illustrated both fair market value and just and adequate compensation, this court approved a charge identical to that quoted above. When under the evidence the jury is not "bound to find that 'fair market value' [is] synonymous with 'just and adequate compensation,'" it is not error to give this charge. *State Highway Dept. v. Robinson*, 103 Ga. App. 12, 15, supra. "But before 'actual value to the owner' (if different from market value) can be used as a yardstick for measuring damages the evidence must show some reason why the 'actual value to the owner' would not be the same as market value." *State Highway Dept. v. Whitehurst*, 106 Ga. App. 532 (127 SE2d 501); *State Highway Dept. v. Stewart*, 104 Ga. App. 178, 183 (121 SE2d 278). In a case "where the tract at issue is at present farm land and woods, and there is testimony both as to its value for such purposes and its pros-

pective value for subdivision purposes, market value is the criterion to be used, there being no unusual circumstances which would make an appreciable distinction between value to the owner and market value generally." *Georgia Power Co. v. Pittman,* 92 Ga. App. 673, 675 (89 SE2d 577). It is true that in this case there was no evidence that the property had any unique value to the condemnee over and above market value. There was evidence both as to the value of the property for farming purposes and for subdivision purposes. Therefore, applying the above precedents, we hold that the jury was bound to find from the evidence that fair market value was synonymous with just and adequate compensation, and the charge complained of was not authorized by the evidence.

"Since it cannot be said, as a matter of law, that the instruction given did not influence the jury in arriving at the amount of the verdict returned in favor of the plaintiff, a new trial is granted for this reason alone." *West v. Moore,* 44 Ga. App. 214, 216 (160 SE 811); *City Council of Augusta v. Owens,* 111 Ga. 464, 481 (36 SE 830).

The condemnor has abandoned the general grounds of its motion for new trial.

The trial court erred in overruling ground 14 of the condemnor's motion and denying a new trial.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*