### 43039. CITY OF GAINESVILLE v. LOGGINS.

BELL, Presiding Judge. Condemnor brought this appeal from a judgment of the superior court based on a jury verdict. It

appears that condemnor did not pay the amount of the judgment into the registry of the court but voluntarily paid it directly to the condemnee.. The condemnee has filed a motion to dismiss the appeal on the ground that satisfaction of the judgment in full renders moot questions raised as to the validity of the judgment. This condemnation was brought under the special master statute, Ga. L. 1957, p. 387 et seq. (*Code Ann. Ch.* 36-6A). *Held:*

The statute creating the special master proceeding does not repeal other statutory provisions for the condemnation of property but is supplementary to and cumulative of them. *Code Ann.* § 36-602a. The trial of an appeal from the award of the special master in the superior court, which is a de novo investigation (*Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 6 (3) (76 SE 387, AC 1914A 880); *Code Ann.* § 36-612 (a)), is a judicial proceeding governed by the rules applicable to ordinary suits in the jurisdiction. *Western Union Tel. Co. v. Western & A. R. Co.,* 142 Ga. 532, 535 (83 SE 135); *Ga. Power Co. v. Lightfoot,* 97 Ga. App. 330 (103 SE2d 99). See *State Hwy. Dept. v. Sumner,* 216 Ga. 92 (3) (115 SE2d 189) and *State Hwy. Dept. v. Hester,* 112 Ga. App. 51 (143 SE2d 658).

The provision in *Code Ann.* § 36-615a that, "The tender, payment, or acceptance of the amount shall not prevent either party from prosecuting the appeal" applies only to the appeal from the award of the special master to the superior court. It does not apply to appeals from the judgment of the superior court after jury trial. An appeal from the judgment of the superior court to the Court of Appeals in a condemnation case is governed by the rules applicable to ordinary appeals. *Western Union Tel. Co. v. Western & A. R. Co.,* 142 Ga. 532, 535, supra. It was the legislative intent that either party dissatisfied after a jury trial in a special master condemnation proceeding perfect an appeal from the judgment of the superior court "as in other cases at law." See *Code Ann.* § 36-614a. The rule in this jurisdiction is that a voluntary payment of a judgment renders moot any question as to the validity of the judgment and cuts off the right of appeal. *Keener v. King Hardware Co.,* 215 Ga. 577 (111 SE2d 215); *Edwards v. Edwards,* 212 Ga. 291 (92 SE2d 17); *Drury v. Cameron & Barclay Co.,* 25 Ga. App. 15 (102 SE 373); *Leverette v. Kilpatrick,* 29 Ga. App. 333 (115 SE 34). See *Kitchens v. State,* 4 Ga. App. 440 (61 SE 736) and Ann. 39

ALR2d 146, 163. The rule is different, and appeal is not precluded, in those cases where there is full payment of a fi.fa. founded on a judgment where no supersedeas is secured. *Hudson v. Alford*, 118 Ga. 669 (45 SE 454); *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 476 (62 SE2d 209); *Richmond & Danville R. Co. v. Buice*, 88 Ga. 180 (14 SE 205); *Toole v. Davis*, 13 Ga. App. 122 (78 SE 865).

The judgment of the superior court following the jury trial having been voluntarily paid by the condemnor directly to the condemnee the question of the validity of the judgment has been rendered moot.

The appellee's motion to dismiss is granted and the appeal is *Dismissed. Whitman, J., concurs. Pannell, J., concurs specially.*

ARGUED SEPTEMBER 8, 1967—DECIDED OCTOBER 3, 1967—REHEARING DENIED OCTOBER 26, 1967—CERT. APPLIED FOR.

*Kenyon & Gunter, Edgar H. Sims, Jr., Julius M. Hulsey,* for appellant.

*Robert E. Andrews,* for appellee.

PANNELL, Judge, concurring specially. On motion for rehearing I am convinced that we have not adequately discussed and answered two basic contentions of the appellant. The first contention is that the amount of the jury verdict over and above the special master's award must be paid in order to appeal, as the condemnor can only appeal after paying "just and adequate compensation" as provided by the Constitution. Citing Art. I, Sec. III, Par. I of the Constitution (*Code Ann.* § 2-301); and *Woodside v. City of Atlanta*, 214 Ga. 75 (103 SE2d 108). The first contention has been decided adversely to appellant in the early case of *Oliver v. Union Point & W. P. R. Co.*, 83 Ga. 257 (9 SE 1086) cited and followed in *Woodside v. City of Atlanta*, supra, in which former case it was said: "The method of ascertaining what is just and adequate compensation, is subject, within certain limits, to legislative discretion. To such proceedings in the exercise of the power of eminent domain the constitutional guaranty of trial by jury does not extend, there being in our Constitution no express provision so extending it. Mills Em. Dom. § 91, and cases cited; Proffatt

Jury Tr. § 104; Cooly Const. Lim. (5 ed.), 697; Lewis Em. Dom. § 311, and cases cited. The case of *S. W. R. Co. v. S. & A. Telegraph Co.*, 46 Ga. 43, is no direct adjudication upon this point, there being another ground upon which the decision could be and was chiefly rested. The Supreme Court of Kansas, in *C. B. U. P. R. Co. v. A., T. & S. F. R. Co.*, 28 Kan. 453, held that it was optional with the legislature to make assessment by commissioners final, or to allow an appeal therefrom to a jury; and a statute of that State was sustained which provided that on compliance by the corporation with the constitutional requirement touching payment or deposit of the compensation money as fixed by assessment of the statutory commissioners, the corporation might enter and prosecute its work pending an appeal from the assessement, the appeal in the case being taken by the land-owner. Payment or deposit of the compensation assessed in the first instance, was treated as satisfying the constitutional requirement, inasmuch as the legislature might, if it had so chosen, have made that assessment final. . ." *Woodside v. City of Atlanta,* went no further than this. It held the requirement of the Constitution is met by the payment of the assessors' or special master's award in order to appeal to a jury in the superior court. There was no decision in that case that the judgment on the jury verdict must be paid prior to appeal to this court in order to meet the constitutional requirements for taking or retaining the property condemned. See also *Anthony v. State Hwy. Dept.*, 215 Ga. 853 (1, 2) (113 SE2d 768). The payment of the award of the assessors or the special master, as the case may be, was sufficient *to meet the requirements of the Constitution* so as to permit the retention of the property by the condemnor pending its appeal from the jury verdict.

The second contention is that the condemnor, in order to retain the property for the purpose of carrying on its work, was required by Section 15 of the Act of 1957 (Ga. L. 1957, pp. 387, 396; *Code Ann.* § 36-615a) to pay the excess of the jury verdict over and above the special master's award (which had already been paid).

The pertinent provisions of said section are as follows: "If

the amount so awarded by a special master is less than that found by the verdict of the jury, the condemning body shall be bound to pay the sum so finally adjudged less the amount previously deposited as herein provided, plus lawful interest on the difference from the date of the order of the special master, in order to retain the property. . ." This contention was urged upon the oral argument of the case and presents an entirely different question from that posed by the first stated contention.

If the language in the statute should be construed to mean that the condemnor, in order to proceed with the work pending appeal to this court, must pay the amount of the judgment on the jury verdict, then in my opinion we would be wrong in the conclusion reached in this case. One of the purposes of this statute is to expedite the taking and the progress of the work for which the property is condemned. To require the condemnor to pay the judgment on the jury verdict in order to retain the property and continue with the work, and then dismiss the condemnor on the appeal to this court because the condemnor had met the requirements of the statute would be neither equitable, nor just, nor logical. However, I do not think that the language is subject to the construction placed upon it by the condemnor in the present case. This language only requires the condemnor, in order to retain the property, to pay the amount finally adjudged to be owing on a jury verdict, and this applies to the final judgment in the case after all appeals by either party are exhausted. There may be several appeals by both parties and several jury verdicts, some possibly for more and some possibly for less than the assessors' award or special master's award, as the case may be. There is nothing in the language of the statute that would require payments and adjustment of payments in such a situation. The language here then must of necessity apply to the ultimate and final judgment in the case. It follows therefore that the condemnor in the present case was not required to pay the judgment on the jury verdict in order to proceed with the work *pending its appeal to this court.*

There being nothing in the statute or the Constitution of this State requiring the payment of the judgment on the jury ver-

dict in order to appeal such judgment, or to retain the property, pending the appeal, I think we have correctly applied the doctrine applicable to ordinary cases at law wherein the voluntary payment of a judgment renders moot any questions raised on an appeal by the party paying such judgment.