43038.   CITY OF GAINESVILLE v. CHAMBERS.
43039.   CITY OF GAINESVILLE v. LOGGINS.
43042.   CITY OF GAINESVILLE v. HAMRICK et al.
43065.   CITY OF GAINESVILLE v. APPLEBY.

Decided June 6, 1968—Rehearing denied June 18, 1968—

*Kenyon & Gunter, Edgar H. Sims, Jr., Julius M. Hulsey,* for City of Gainesville.

*Telford, Wayne & Greer, Joe K. Telford, W. Woodrow Stewart,* for Chambers.

*Robert E. Andrews,* for Loggins.

*Reed & Dunn, Robert J. Reed,* for Hamrick.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for Appleby.

BELL, Presiding Judge. The condemnor took these appeals from judgments of the superior court after jury trial fixing compensation for land taken for an urban renewal project. This court dismissed the appeals. *City of Gainesville v. Loggins*, 116 Ga. App. 548 (158 SE2d 287); *City of Gainesville v. Chambers*, 116 Ga. App. 553 (158 SE2d 291). The judgments of dismissal are now vacated, having been reversed by the Supreme Court. *City of Gainesville v. Loggins*, 224 Ga. 114 (160 SE2d 374); *City of Gainesville v. Chambers*, 224 Ga. 117 (160 SE2d 377). We therefore determine the merits of each of the appeals.

■ *Case No. 43038.* The trial court did not err in charging the jury: "If at the time the market value of the property sought to be condemned was to be estimated it was known or anticipated that certain improvements would be made in the locality where the property was situated and this fact served to enhance the market value of the property, the owner would be entitled to the actual market value as affected by reason of the fact that it was known or anticipated that such improvements would thus be made. This is true though the projected improvements were to be made by the condemning party, but the measure remains the true market value as of the date of taking. If you find from the evidence that the fact that anticipated construction or improvement of a major thoroughfare adjacent to or in the vicinity of the property taken had, at the time of taking, influenced the then market value of the property taken, you should take such influence into consideration in determining the amount of your verdict." These instructions were authorized by testimony of condemnor's witness on cross examination, showing the anticipated extension of a street adjacent to the property, as well as by testimony for condemnee. *Hard v. Housing Authority*, 219 Ga. 74 (132 SE2d 25); *Housing Authority v. York*, 106 Ga. App. 41 (1) (126 SE2d 246). It was not essential, in order to authorize the instructions, that the evidence show that the construction of the anticipated improvement was under way at the time of the taking or even that plans for the improvement had been definitely finalized. *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 465-468 (71 SE 903).

■ *Case No. 43065.* The trial court erred in charging that if the jury found that fair market value would not be just and adequate compensation the jury should determine what would constitute just and adequate compensation and award that sum to condemnee. This was error, as it authorized the jury to award damages based on the peculiar value of the land to the condemnee alone, as distinguished from its market value. The property taken in this case involved a duplex apartment house and a single-family house situated on the same lot, both of which were tenant occupied. The evidence showed that the condemnee landlord had constructed both houses mainly with his own labor and with scrap and used building materials, and that the property was of the slum class, producing a proportionately high income in relation to the owner's investment. These factors were not sufficient to show that the property had a pecuniary value peculiar to the owner exclusively. The condemnee contends that "every person who has an established business or even a residence in a location which cannot be duplicated within the immediate area suffers a loss which is particular and unique to him and not shared by members of the general public." That sweeping concept of unique value to the owner was espoused in the whole-court case of *Housing Authority v. Troncalli,* 111 Ga. App. 515, 518 (142 SE2d 84). Having been agreed on by less than a majority of the judges of the court, the concept is not binding here. We reject it as being too generally inclusive of almost all real property. Moreover, this case is distinguishable from *Troncalli* on the facts involved. "Before weight is given to peculiar value to the owner, it must appear, not that the property is peculiar, but that the relationship of the owner thereto is peculiar—its advantages to him more or less exclusive —that is, that it is property having value peculiar to the owner only, and without possible like value to others who might acquire it; property with characteristics of location or construction which limit its usefulness, and therefore, its value, to the particular owner of it, so that these elements of value cannot pass to a third party. The value peculiar to the owner, however, does not encompass sentimental value nor does it justify the allowance of any measures of value by reason of the seller's unwillingness to

part with his title." 4 Nichols, Eminent Domain 173, § 12.3141. See *Georgia Power Co. v. Pittman,* 92 Ga. App. 673, 675 (89 SE2d 577); *State Hwy. Dept. v. Stewart,* 104 Ga. App. 178, 183 (121 SE2d 278); *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532, 534 (127 SE2d 501); *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849, 853 (128 SE2d 520); *State Hwy. Dept. v. Martin,* 111 Ga. App. 428 (3) (142 SE2d 84); *State Hwy. Dept. v. Holly-wood Baptist Church,* 112 Ga. App. 857, 858 (146 SE2d 570). The charge complained of was not authorized as there was no evidence that fair market value would not give just and adequate compensation to condemnee. Nothing stated here is in conflict with the holdings of the Supreme Court in *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884).

■ *Case No. 43039.* The trial court erred in charging to the effect that if the jury found that fair market value would not equal just and adequate compensation to the condemnee and that the property taken had a unique and special value to the condemnee, then the jury might award damages for the special and unique value in addition to fair market value. The land taken was property used by condemnee as his residence. The evidence showed merely that the condemnee had extensively remodeled the dwelling house, mainly by his own labor, and that the dwelling was in a first-class state of maintenance and could not be duplicated in the same neighborhood. This was not sufficient to authorize the charge on unique value.

■ (a) *Case No. 43042.* In response to the condemnor's motion for mistrial, the court instructed the jury to disregard testimony which had been improperly elicited by counsel. As condemnor failed to request further instructions or to renew the motion for mistrial thereafter, the enumeration of error based on the denial of the motion for mistrial is without merit. *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496); *Jones v. Parrott,* 111 Ga. App. 750 (3) (143 SE2d 393); *Saxon v. Toland,* 114 Ga. App. 805 (4) (152 SE2d 702).

(b) The court erred in admitting into evidence testimony regarding the condemnee's expenses of moving into other living quarters from the dwelling house located on the property taken. The court erred, also, in instructions to the jury authorizing them

to include in their verdict an amount to compensate the condemnee for moving expenses as an element of damages. The Supreme Court held in *Bowers v. Fulton County*, 221 Ga. 731, 734-740 (2, 3), supra, that the Constitution of Georgia, Art. I, Sec. III, Par. I (*Code Ann.* § 2-301) allows a condemnee conducting a business enterprise on property which is taken under the power of eminent domain to recover of the condemnor, as independent items, damage to his business caused by the necessity of moving it to another location, and the expense incidental to removal. That holding was based on the concept that an established business is an incorporeal property which may be damaged by the taking of the location. The concept is not applicable where the taking is simply that of the location of the condemnee's personal residence. In the latter instance the expense of moving is merely a personal expense necessitated by the taking and does not constitute an element of damage to property, either corporeal or incorporeal. Thus the owner is not entitled to compensation for the cost of removal of personal property from the premises. See generally, Ann. 69 ALR2d 1454 et seq.; 29A CJS 713, Eminent Domain, § 164.

*Judgment affirmed in Case No. 43038. Judgments reversed in Cases Nos. 43039, 43042, and 43065. Pannell and Whitman, JJ., concur.*