45884. STATE HIGHWAY DEPARTMENT v. CLARK et al.

HALL, Presiding Judge. Condemnor appeals from the judgment following an appeal to a jury and from the denial of its motion for a new trial.

The State Highway Department condemned a portion of a lot which included a building used as a combination filling station, grocery store and living quarters. A part of this building was constructed of brick and was 35-40 years old. A frame addition was 20-25 years old. There were also gasoline pumps and tanks on the property taken. The condemnee leased this property to the person who was the actual proprietor of the business. However, they had an agreement that the lessee was to sell the condemnee's petroleum products exclusively, and that the con-

demnee was to receive a profit on all of these products sold, in addition to the rent. Following an award by the special master, the condemnee appealed to a jury. It is from their verdict and the judgment thereon that the condemnor appeals.

1. Condemnor contends the court erred in charging the jury that if it found that fair market value was not just and adequate compensation, it could award damages based on the value of the property to the owner. In the absence of any evidence that this property had a "value peculiar to the owner only, and without possible like value to others who might acquire it" the charge was error. *City of Gainesville v. Appleby,* 118 Ga. App. 25, 27 (162 SE2d 460); *State Hwy. Dept. v. Stewart,* 104 Ga. App. 178 (121 SE2d 278); *City of Atlanta v. Williams,* 119 Ga. App. 330 (2) (167 SE2d 216).

2. The court also erred in charging that the jury might award compensation without restriction to market value if it found that the condemnee had an established business in a location which could not be duplicated within the immediate area and which business could not survive if not so duplicated. Again, there was no evidence either of peculiar value in that location or of the impossibility of duplication. Indeed, it is difficult to imagine how one of a chain of 50 gasoline stations owned by the condemnee could fall within this category. *State Hwy. Dept. v. Hood,* 118 Ga. App. 720, 721 (165 SE2d 601).

3. Further, the court erred in charging the jury that it could consider reproduction cost of the building without also instructing it to consider depreciation. *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (115 SE2d 711). While it might be said this was harmless error at *this* trial (because the verdict was for much less than estimated reproduction cost), it is still error and should not be repeated upon a new trial.

4. Condemnor contends the court erred in allowing a witness to testify concerning the value of a piece of property other than the one in dispute. The sole objection to the evidence was there was no showing of substantial similarity between the two properties. Of course, the general rule on the admission of comparative evidence is that substantial similarity of conditions must be shown to establish its relevancy. *Dunn v. Beck,* 144 Ga. 148

(86 SE 385); *Sammons v. Webb,* 86 Ga. App. 382 (6) (71 SE2d 832). It also applies to such evidence in a condemnation case. *State Hwy. Dept. v. Howard,* 119 Ga. App. 298 (3) (167 SE2d 177). Here, however, the evidence was admitted only on the question of consequential damages and was, in its final form, opinion evidence that the value of the disputed property had declined. The facts upon which the opinion was based is the testimony to which the condemnor objected. The witness operates a filling station on the same strip of highway as condemnee's. He testified that his revenues had declined since the widening of the highway to four lanes and said that in his experience (20 years operating gas stations) such a change in a highway causes a decline in the value of a gas station because it speeds up traffic.

On the sole question of consequential damages to the property in issue for use as a gas station, we believe there was sufficient similarity to make this evidence relevant. The trial court did not abuse its discretion.

5. The court did not err in charging the jury it could consider the profits of the property, if any, as a circumstance in reaching the fair and reasonable value of the property. With evidence of profits to the condemnee from the sale of petroleum products, the charge was authorized. *Fulton County v. Cox,* 99 Ga. App. 743 (109 SE2d 849).

6. The court did not err in charging the jury that when a landowner is operating a business and, as a result of a condemnation, is required to move the business, then he is entitled to recover as additional damages such items, if found to exist, as loss of customers, loss of profits and the expense of moving equipment, fixtures and supplies. Since there was evidence that condemnee was operating a business, albeit through a lease arrangement, and that he would incur expenses in moving fuel storage tanks, the charge was authorized. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066).

7. All other enumerations are without merit.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*
ARGUED JANUARY 13, 1971—DECIDED APRIL 8, 1971.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Robert E. Sherrell, Deputy Assistant Attorney General, Clayton R. Baker,* for appellant.

*Altman, Herndon & Fowler, Larkin M. Fowler, Jr.,* for appellees.